## GULF COLORADO & SANTA FE RAILWAY COMPANY
### V. S. J. WILM ET AL.
#### No. 1613.

**1. Jurisdiction—Amount in Controversy—Fraudulent Averment.**—The test by which to determine the sufficiency of a plea to the jurisdiction, averring that plaintiff has alleged his damages at the amount claimed by him for the purpose of giving jurisdiction to the court, is whether such allegation was fraudulently made, in bad faith, and for the purpose of deceiving.

**2. Railway Company—Damage to Cattle—Charge of Court.**—In an action against a railway company for damage to cattle caused by delay and bad treatment, resulting in a shrinkage of weight, defendant produced testimony under the general issue (which was admissible), that the shrinkage was due to plaintiffs having watered the cattle shortly before they were shipped. *Held*, that it was error to refuse a special instruction, to the effect, that defendant would not be liable for any shrinkage resulting from this cause.

**3. Same—Measure of Damages.**—The measure of damages in this case would be the difference in the value of the cattle as delivered at the place of their destination, and their value in the condition in which they would have been delivered but for the negligence of the defendant.

APPEAL from Bosque. Tried below before Hon. J. M. HALL.

*Charles K. Lee* and *J. W. Terry*, for appellant.—1. Where a party has no reasonable ground to expect that he can recover damages in an amount equal to or in excess of the amount necessary to give jurisdiction of the cause to the particular court, but nevertheless alleges his damages at an amount within the jurisdiction, and issue is properly made by the pleadings as to the jurisdiction of the court, because of the insufficiency of the amount in controversy, the cause should be dismissed.

Under the issue made by the pleadings, the sole questions to be passed upon by the court and jury were: (1) Under plaintiffs' allegations and proof, were they, in any event, entitled to recover damages in an amount within the jurisdiction of the District Court? and (2) if not, were they apprised of all the facts at the time of the institution of the suit? If both of these questions were resolved in favor of the defendant, the verdict should have been in its favor on the plea to the jurisdiction.

Where the facts are undisputed, the question on any particular issue is for the court, and not for the jury. The undisputed evidence showing that under the allegations and proof plaintiffs were not entitled to recover an amount in excess of $500, and that all the facts were known to them at the time the suit was brought, the court should have directed a verdict for the defendant. Bridge v. Ballew, 11 Texas, 270; Graham v. Roder, 5 Texas, 141; Gouhenant v. Anderson, 20 Texas, 457; Little v. Woodbridge, 1 Ct. App. C. C., sec. 154; Fitzpatrick v. Small, 1 Ct. App. C. C., sec. 1141; Snyder v. Wiley & Porter, 59 Texas, 448; Carter v. Hubbard, 79 Texas, 356; Cameron v.

Marshall, 65 Texas, 7; Barnes v. White, 53 Texas, 628; Creoger v. Douglas, 77 Texas, 484; Carroll v. Rapid Tr. Co., 17 S. W. Rep., 889.

2. The plaintiffs were not entitled to recover any damages to their stock that resulted from their improper condition, if any, at the time they were tendered for shipment. Defendant having pleaded specially that the injuries, if any, were the result of the plaintiff's own negligence, and having offered evidence in support of the special plea, to the effect that the stock were improperly watered just before shipping, was entitled to have the issue presented to the jury under appropriate instructions. Tel. Co. v. Andrews, 78 Texas, 305; Railway v. Underwood, 64 Texas, 463.

No brief for appellee reached the Reporter.

TARLTON, CHIEF JUSTICE.—This appeal is from a judgment in the principal sum of $300, recovered by the appellee as damages to a shipment of 377 head of cattle from the town of Morgan, in Bosque County, to the town of Midlothian, in Ellis County, Texas.

It is alleged, that after the delivery of the cattle in appellant's pen at Morgan, 150 head of them were, on account of the negligence of the defendant in permitting the blowing of whistles and the ringing of bells and the escape of steam from its engines in front of its pen, so frightened as to become uncontrollable, and that they stampeded from the pens and inclosures, which were defective and insufficient; that plaintiffs were hence compelled to chase them for the space of five hours, and that for this reason, and the consequent delay in shipping, these 157 head were damaged in the sum of $2.25 each, or $392.50 for the number thus stampeded; that the 220 head that remained in the pens became restless and frightened, seeking to escape, thus, with the delay in shipping them, causing a damage of $1.25 each, or $275.

The defendant answered by special plea to the jurisdiction, alleging that the damages were placed at a sum exceeding $500 for the purpose of fraudulently conferring jurisdiction upon the District Court. The facts on which this conclusion was predicated were stated in the plea, but we find it unnecessary to detail them. The defendant also interposed general and special exceptions, the general denial, the plea of contributory negligence, and other special matters, which it is unnecessary to describe.

We overrule the several assignments of error in which complaint is made of the court's charge and of its refusal to give the three special instructions asked with reference to the plea of jurisdiction. The court's charge on this issue was correct and sufficient. It submitted to the jury in an affirmative and negative form whether the plaintiffs had brought the suit for a sum greater than $500 with the false and fraudulent purpose of giving the court jurisdiction of the case, with an instruction that, if the jury should so find, they should no further consider the case, but should find for the defendant.

The test by which to determine the sufficiency of a plea of this character is, whether the averments, on their face showing jurisdiction, were yet fraudulently made, that is, in bad faith and for the purpose of deceiving. Hoffman v. Loan Assn., 85 Texas, 409.

The defendant introduced testimony showing, that a short time before the cattle were penned for shipment the plaintiffs had watered them, or permitted them to have access to water. Several witnesses testified, that it is dangerous to water stock at such a time; that when watered a short time before shipment, shrinkage ensues, due to "scouring;" and there was testimony showing, or tending to show, that in this instance the shrinkage due to this cause amounted to 35 or 40 pounds per head.

The course of defendant's testimony emphasized this special matter of defense, and made it prominent. We therefore think that the appellant was entitled to a special instruction requested by it, submitting to the jury the phase of the defense thus saliently presented, to the effect, that if the cattle were permitted to have access to water immediately before shipment, and they were hence when loaded on the cars in an improper condition for shipment, and if by reason thereof they suffered decrease in flesh, as to this decrease the defendant would not be liable.

This defense was admissible under the general issue, as tending to diminish the damages sought to be recovered. Willis v. Hudson, 63 Texas, 678.

It appears to be the duty of the court, when requested, to give in charge to the jury a special matter of defense thus relied upon. Tel. Co. v. Andrews, 78 Texas, 305; Railway v. Edwards, 78 Texas, 307.

The charge of the court calls special attention to the features of the plaintiffs' cause of action, consisting in the stampeding of the cattle that escaped from the pens, and the frightening of those which remained therein. It further instructed the jury, that the defendant would not be liable for such natural shrinkage as would ensue from the penning and loading on the cars and the transportation of the cattle; and while this action was proper, as being responsive to the issues made by the pleadings and the evidence, it rendered more apposite an instruction such as the one requested on the special matter of defense referred to, because it tended to fix the attention of the jury exclusively upon the features embodied in the charge. It is quite probable that had this instruction been given the verdict would have been for a smaller amount, because it is shown that only about eighty head remained in the pens, the remainder, save those which stampeded, having been without delay placed in the cars.

The appropriateness of an instruction presenting this feature of the defense becomes, we think, the more apparent from the failure of the court to give to the jury an instruction on the measure of damages, though requested. The measure to be applied, under the facts here presented, would be the difference in the value of the cattle as de-

livered at Midlothian and their value in the condition in which they would have been delivered but for the negligence of the defendant, if negligence was proved.

We deem it unnecessary to discuss the remaining assignments of error, which, after due consideration, we overrule.

For the reasons stated, we order that the judgment be reversed and the cause remanded.

*Reversed and remanded.*

Delivered December 18, 1894.