DAVIS & BOATRIGHT V. TEXAS & PACIFIC RAILWAY CO.

No. 2085.

**1.  Plea to Jurisdiction—Order of Pleading—Waiver.**

A plea to the jurisdiction alleging that a part of plaintiff's claim for damages was fraudulently made for the purpose of conferring jurisdiction on the court is waived if not filed in due order of pleading, and should not be considered. Revised Statutes, art. 1262.

**2.  Same—Issue of Fact—Fraudulent Intent.**

Where such plea has been filed and an issue of fact raised thereon as to whether plaintiff's claim for such part of the damages was made in good faith or for the fraudulent purpose of conferring jurisdiction on the court, the question should be submitted to the jury, and the burden is on the defendant to show such fraudulent purpose.

3. **Shipment of Diseased Livestock—Act of Congress.**

The Act of Congress of May 29, 1884, relating to the exportation of diseased cattle and the suppression and extirpation of pleuro-pneumonia and other contagious diseases, does not relate to shipments of cattle made between different points in the same state.

APPEAL from the County Court of Mitchell. Tried below before Hon. XAVIER RYAN.

*Ernest & Shepherd,* for appellants.—1. Jurisdiction is determined by the allegations in the petition, unless it is claimed that an attempt has been made fraudulently to confer jurisdiction where it does not belong, and the defendant having claimed that this was done in this case, it was not the province of the court to charge the jury to find a want of jurisdiction, but its duty to submit the question to them under an appropriate instruction. 63 Texas, 58, 274; 69 Texas, 468; 61 Texas, 550.

2. As to shipments of live stock from one point to another within the State, the United States quarantine regulations have nothing to do, and the detention of plaintiffs' cattle at Fort Worth on that account was unlawful, unnecessary and negligent. Art. 1, sec. 8, Constitution United States; United States v. Dewitt, 9 Wall., 593.

*Smallwood & Smith,* for appellee.—1. Appellants having entered into a special written contract with appellee wherein they specially stipulated and agreed that the appellant, A. J. Davis, should at his own risk and expense, take care of, feed, water and attend to said cattle while in transit, and that if appellee should for any reason undertake to water and feed said stock, it should not be liable for insufficient supplies, or imperfect discharge of such undertaking; their claim for the statutory penalty on account of insufficient feeding, was fraudulent and intended only to confer jurisdiction upon the County Court; the amount sued for aside from the penalty being only $156. Rev. Stats., art. 284; Railway v. Williams, 4 Texas Civ. App., 294; 2 Rorer on Railroads, 1299, et seq.

2. The court erred in sustaining plaintiff's third special exception to defendant's answer, wherein it sets up in the form of a special plea, a rule, order or regulation of the secretary of agriculture of the United States, prohibiting the movement of plaintiff's cattle from Big Sandy to Colorado, as an excuse for the delay and detention of the cattle at Fort Worth, because such rule, order or regulation was valid, and constituted a complete defense to plaintiff's cause of action. Act of Congress, May 29, 1884.

HUNTER, ASSOCIATE JUSTICE.—In this case the defendant railway company filed a general demurrer, special exceptions and general denial to plaintiff's petition, and followed these with a plea to the jurisdiction of the court, in that the penalty claimed by plaintiffs of $200 for failing to feed and water the cattle shipped, as provided for in Revised Statutes,

article 284, had been waived by the written contract of plaintiffs, agreeing to take charge of the cattle during transportation and feed and water them themselves, and that all the other damages claimed being only $156, this claim of $200 was fraudulently made in order to give the County Court jurisdiction of the case. The defendant pleads that said stipulation was waived, and was also without consideration to support it, and these are controverted questions.

The record does not contain any evidence that the plaintiffs did not honestly believe that they had a right to collect the penalty allowed by statute, which ranges from $5 to $500. The shipment was from Big Sandy to Colorado City, both points within the State of Texas. The evidence tends in some degree to establish the plaintiffs' replication, and at all events tends strongly to negative any fraudulent purpose on the part of plaintiffs to bring the case within the jurisdiction of the County Court. The court, however, charged the jury peremptorily to find for the defendant on its plea to the jurisdiction. This we think was error, for two reasons.

1.   Because it was not filed in due order of pleading, and was therefore waived and not to be considered. Rev. Stats., art. 1262; Howard v. Britton, 71 Texas, 290; Blum v. Strong, 71 Texas, 328; Graham v. McCarty, 69 Texas, 323; Allen v. Read, 66 Texas, 18; Burchard v. Record, 17 S. W. Rep., 241; Hoffman v. Building Association, 85 Texas, 409.

2.   But if this were not so, the issue depended upon questions of fact to be submitted to the jury, as to whether or not the stipulation had been waived by the parties; or, whether or not the allegation claiming the penalty, if not waived, was inserted for the fraudulent purpose of conferring jurisdiction on the County Court. The burden of proof was on the defendant to establish as a fact that the allegation was made to deceive, and that it was not believed to be true at the time the suit was filed. Hoffman v. Building Association, 85 Texas, 409, and cases there cited; Railway v. Wilm, 28 S. W. Rep., 925.

The record shows that these cattle were unloaded by the defendant company at Fort Worth, and detained there for six or seven days. The plaintiffs had no agent or servant in charge of the cattle, and there are damages predicated upon this delay.

The defendant company pleads that this delay was caused by an order, rule or regulation of the Secretary of Agriculture of the United States, made by virtue of an act of Congress, having as one of its objects the prevention of the exportation of diseased cattle, and the suppression and extirpation of pleuro-pneumonia and other contagious diseases among domestic animals.

A special exception was sustained to this plea, upon the ground that the act of Congress referred to did not relate to the transportation of cattle from place to place wholly within a state, but only to interstate shipments, to which appellee-excepted, and presents a cross-assignment of error.

The rule, order or regulation of the Secretary of Agriculture relied on is not set out in the pleading, but counsel for appellee in their brief cite us to the act of Congress of May 29, 1884, chapter 60. See vol. 1, Supp. Rev. Stats. U. S., p. 435.

We are of opinion that this act does not relate to, nor was it intended to in any manner regulate or interfere with, shipments of cattle from point to point wholly within any state or territory, but applies only to interstate shipments, and to cattle that are affected with an infectious disease.

For the reasons given, we reverse the judgment herein and remand this cause for a new trial.

*Reversed and remanded.*

Delivered February 1, 1896.