Houston Ice and Brewing Company v. North Galveston
Improvement Company.

Decided April 3, 1902.

1.—Jurisdiction—Amount—Sequestration.

In an action of sequestration brought by a purchaser of personal property against the seller to recover the possession the jurisdiction is determined by the value of the property, and not by the amount plaintiff had agreed to pay for it.

2.—Same—Fraudulent Valuation—Justice Court—Presumption.

The jurisdiction of the justice court in an action of sequestration will be determined by the valuation placed on the property by the plaintiff, unless it is shown that the valuation has been fraudulently understated for the purpose of conferring jurisdiction; and in doubtful cases of this character all intendments will be in favor of the jurisdiction.

Appeal from the County Court of Galveston. Tried below before Hon. John W. Campbell.

*P. A. Drouilhet,* for appellant.

*R. H. & Alice S. Tiernan,* for appellee.

GARRETT, Chief Justice.—The Houston Ice and Brewing Company brought this suit against the North Galveston Improvement Company in a Justice Court in Galveston County for the possession of a billiard and a pool table and some barroom fixtures. Sequestration of the property was made and it was replevied by the plaintiff, the defendant having failed to do so. No complaint was filed, and neither the transcript of the justices' docket, the citation, nor the affidavit for sequestration state the value of the property, but the sequestration bond and the writ and the replevy bond show that the value was placed at $199. Plaintiff tendered and paid into court the sum of $125 as a sum due by plaintiff to the defendant for the purchase of the property from the defendant. A trial was had in the Justice Court and judgment was rendered in favor of the plaintiff for the property and that the money in court be paid to the defendant. After appeal to the County Court by the defendant, one Max Artusy was brought into the suit as a party defendant, and pleaded to the jurisdiction that the property sued for was worth $500, and that the value was laid by the plaintiff at $199 for the fraudulent purpose of conferring jurisdiction on the Justice Court, and asked that the suit be dismissed for the want of jurisdiction in the court a quo. A jury was waived, and upon hearing evidence the court below sustained the plea and dismissed the suit.

We agree with the appellee that the value of the property and not the amount the plaintiff was to pay for it is the amount in controversy and must determine the question of jurisdiction. But the plaintiff having placed the value at $199, the jurisdiction must be determined by that amount unless it should appear that the amount was fraudulently under-

stated for the purpose of conferring jurisdiction on the Justice Court. And if there is a reasonable doubt that the value was fraudulently understated by the plaintiff, the case should not be dismissed for the want of jurisdiction. In doubtful cases of this character all intendments will be in favor of the jurisdiction. Graham v. Roder, 5 Texas, 146. Dwyer v. Bassett, 61 Texas, 276. The jurisdiction will not be deefated in such case even if on the trial it should appear that the property was worth more than $200. The alternative recovery for the value of the property would be limited by the amount claimed. There can be no distinction between cases where the amount may be understated and those where it may be overstated. There is more than a reasonable doubt in this case, for an examination of the evidence heard by the trial judge shows to our minds a clear preponderance in favor of a less value than $200. The judgment of the court below will be reversed and the cause remanded with instructions to the court to overrule the plea.

*Reversed and remanded.*