LEVY et al. v. LUPTON et al.

(Court of Civil Appeals of Texas. San Antonio. April 16, 1913.)

1. APPEAL AND ERROR (§ 547*)—RECORD—CONTENTS—RULING ON PLEA OF PRIVILEGE.

A plea of privilege is in reality only a motion for a change of venue, and consequently, under the direct provisions of District Court rule 55 (142 S. W. xxi), the error in overruling such a plea is waived unless a bill of exceptions is taken thereto and properly presented.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2427, 2429–2432; Dec. Dig. § 547.*]

2. COURTS (§ 122*)—TEXAS—DISTRICT COURT.

The amount or value alleged in the plaintiff's petition is the amount in controversy which fixes the jurisdiction of the court, and not the amount revealed by the evidence as being actually due.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 82, 136, 181, 182; Dec. Dig. § 122.*]

3. DISMISSAL AND NONSUIT (§ 65*) — OBJECTIONS—JURISDICTION.

Where the plaintiff fraudulently exaggerates the amount due in his petition for the purpose of wrongfully conferring jurisdiction on the district court, the cause will be dismissed when that fact is properly brought to the knowledge of the court; but the objection in such case must be raised by special exception in due order of pleading, and the cause cannot be dismissed by the court on its own motion merely beause the evidence disclosed the amount due as being less than was alleged.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 160; Dec. Dig. § 65.*]

4. SALES (§ 181*)—ACTIONS—EVIDENCE.

In an action by the seller of corn, where the defendant claimed that when it arrived it was rotten and weevil-eaten, evidence that it was sound when loaded only five days before will warrant a finding that it was in good condition on arrival, in the absence of evidence showing that it was exposed to damaging conditions in transit; for jurors have the right to

apply the test of common knowledge and experience to evidence submitted to them.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 473–491; Dec. Dig. § 181.*]

Appeal from District Court, Bexar County; Arthur W. Seeligson, Judge.

Action by R. Lupton against Lippman Levy and others, in which Johanna Levy and another were impleaded upon the death of the named defendant. From a judgment for plaintiff, the impleaded defendants appeal. Affirmed.

R. L. Ball and Chas. W. Trueheart, both of San Antonio, for appellants. J. I. Kercheville, of San Antonio, for appellees.

TALIAFERRO, J. This was an action by and upon the part of R. Lupton against the Galveston, Harrisburg & San Antonio Railway Company, · the International & Great Northern Railroad Company, and the Texas Mexican Railway Company, all appellees herein, for damages in the sum of $508.94, alleging failure to deliver and wrongful conversion in joint conspiracy of a certain car of grain, shipped by said R. Lupton, from San Antonio, Tex., to Lippman Levy, San Diego, Tex. The Texas Mexican Railway Company, in answering, tendered into court the sum of $478.76, being the sum given them by Lippman Levy in payment of the draft attached to the bill of lading covering said shipment, and $204.35, being net proceeds of sale of said car of grain by said railway company—same having been left on its hands —and interpleaded Lippman Levy, and upon his death, Johanna Levy and A. Levy, as the legal representatives of Lippman Levy, and the real parties in interest. Johanna Levy and A. Levy, appellants, in answer to plaintiff's petition and the interpleader of the defendant the Texas Mexican Railway Company, alleged that they were in fact the only successors of the rights of Lippman Levy in this controversy; that the grain shipped was not of the kind and quality agreed upon; that R. Lupton had given Lippman Levy authority to inspect the grain; and that Lippman Levy had received the grain and paid the Texas Mexican Railway Company the invoice price of same, viz., $478.76, only for the purpose of inspecting same; and they further prayed for a recovery of said sum from the Texas Mexican Railway Company, and against the plaintiff, interest on same and all costs of suit. In a supplemental petition, the plaintiff, R. Lupton, besides controverting the allegations contained in the answer of Johanna Levy and A. Levy, set up a conspiracy between Lippman Levy and the Texas Mexican Railway Company to defeat him in his rights to the proceeds of said car of grain, and prayed that, if he was not entitled to recover against the railway companies, as originally prayed for, or against the Texas Mexican Railway Compa-

ny for conversion, he might, in the alternative, have judgment against the appellants, Johanna Levy and A. Levy, for the value of said grain, as per contract. The suit was filed on June 18, 1909. Lippman Levy, of whom appellants are the legal heirs and successors, was impleaded by one of the original defendants, the Texas Mexican Railway Company. Lippman Levy filed an answer to the merits on the 10th day of November, 1909. The Texas Mexican Railway Company filed an answer to the merits on the 28th day of August, 1909. Johanna Levy and A. Levy, heirs of Lippman Levy, filed an answer to the merits on the 3d day of June, 1912. Appellants and the Texas Mexican Railway Company filed pleas of privilege on June 3, 1912, the day of the trial, and the appellants filed a plea of fraud on jurisdiction on June 4, 1912, the following day after the trial began. Plaintiff below was not given judgment against any of the railway companies for conversion, but the case was decided upon an issue of contract between plaintiff below and appellants on plaintiff's alternative plea in a supplemental petition. Upon a trial before a jury, the case was submitted upon special issues, and, on the basis of the jury's answers to these, judgment was rendered in favor of defendants Galveston, Harrisburg & San Antonio Railway Company and International & Great Northern Railroad Company, and in favor of the plaintiff, appellee. herein, R. Lupton, as against appellants, A. Levy and Johanna Levy, in the sum of $476.64, with interest from October 23, 1908, at the rate of 6 per cent. per annum; and in favor of said A. Levy and Johanna Levy as against the Texas Mexican Railway Company in the sum of $478.76, and the further sum of $204.35, being the several amounts tendered into court by said railway company; and it was ordered that all costs should be taxed against the defendants A. Levy and Johanna Levy. From which judgment in favor of R. Lupton, and as against the said assessment of costs against them, appellants, Johanna Levy and A. Levy, prosecute this appeal.

[1] Appellants' first assignment of error complains that the court overruled their plea of privilege. Appellants reserved an exception to the order overruling this plea, but did not present a bill of exceptions to cover the objection, and the assignment cannot be considered. It is settled practice that a plea of privilege is in effect only a motion for a change of venue, and an order overruling such a plea is waived unless a bill of exceptions is taken thereto and properly presented. District Court rule 55 (142 S. W. xxi); American Warehouse Co. v. Ray, 150 S. W. 764, and cases there cited.

[2, 3] The second assignment of error is overruled. The suit was filed June 18, 1909. Defendant Texas Mexican Railway Company

filed answer including general and special denial and presenting fully its defenses on August 28, 1909. Johanna and A. Levy, as heirs of Lippman Levy, filed their answer on the merits June 3, 1912, and on June 4, 1912, after plaintiffs' evidence was all in, those two defendants filed an unsworn plea or motion wherein they alleged that the court had not jurisdiction of the amount involved in the suit, and charged that the plaintiff had practiced a fraud upon the court by willfully and knowingly stating the damages in a sum greater than could, under any state of facts, be recovered. They sought to excuse the delay in filing this plea by alleging that the facts upon which it was based were revealed by the evidence of the plaintiff and had just come to their knowledge. Appellants contend that the rule that the amount alleged in plaintiffs' petition fixes the jurisdiction does not apply when the amount is fraudulently alleged in a greater sum than the plaintiff under any theory of the law is entitled to recover. That is a correct proposition of law, but it cannot be applied to this case.

It is well established in our practice that the amount or value alleged in the plaintiffs' petition is the amount in controversy which fixes the jurisdiction of the court and not the amount revealed by the evidence as actually being due. Publishing Co. v. Hill, 36 Tex. Civ. App. 393, 81 S. W. 806, and cases cited; Watson v. Mirike, 25 Tex. Civ. App. 527, 61 S. W. 538. It is equally true that, where the amount involved is fraudulently stated in the petition at a greater amount than is known to be due for the purpose of wrongfully conferring jurisdiction on the court, the case will be dismissed when that fact is properly brought to the knowledge of the court. The test is not whether the amount is correctly stated, but whether the allegation was made for the purpose of deceiving and imposing upon the court. Railway v. Wilm, 9 Tex. Civ. App. 161, 28 S. W. 925. The objection in such case must be raised by special exception in due order of pleading. Where its determination depends upon a question of fact it should be submitted to the jury. Davis v. Railway, 12 Tex. Civ. App. 427, 34 S. W. 144, and cases there collated. This case does not, as contended by appellant, come within the rule which allows the court to dismiss upon its own motion a cause of which it has no jurisdiction. Such a condition arises only when the want of jurisdiction affirmatively appears upon the face of the pleading. This question was exhaustively discussed and the rule announced by the Supreme Court in Hoffman v. Building & Loan Ass'n, 85 Tex. 409, 22 S. W. 154. The court distinguishes this class of cases from those in which it is held that consent or acquiescence cannot confer jurisdiction over the subject-matter, and

says that the jurisdiction of the court cannot be defeated when the case stated in the petition is within its jurisdiction unless it is made to appear, upon plea in due order, that the allegations were fraudulently made for the purpose of conferring jurisdiction. And that such fraud exists only when the jurisdictional averments are false and were known by the pleader to be false and were inserted for the sole purpose of deceiving. Davis v. Railway, supra, and cases there cited.

[4] By their third assignment of error appellants contend that the verdict of the jury is unsupported by the evidence. The evidence was in direct conflict. Appellees' witnesses testified that the corn was sound, white, clean No. 2 corn when it was loaded in San Antonio; that it was started on October 17th, and arrived at San Diego on October 23 or 24, 1908. No evidence of the history of the corn in the interim was offered, and the jury had the right to assume that it was not exposed to any damaging conditions in transit. Appellants' witnesses testified that when the corn arrived it was rotting, weevil-eaten, cracked, and not marketable. The jury found that the corn arrived in a good condition. We cannot disturb this finding. Jurors have a right to apply to the evidence submitted to them the test of common knowledge and experience. Any man capable of qualifying as a juror under our practice would know that corn shipped in a sound, clear, and whole condition would not, without intervening cause, become cracked, rotten, and weevil-eaten in five days. If appellants desired to raise such an inference in the minds of the jury, they should have shown facts from which such an inference could have been rationally drawn.

The third assignment is overruled, and the judgment of the lower court is affirmed.