### J. F. TURNER & BRO. v. GABLE.
### (No. 1803.)

(Court of Civil Appeals of Texas. Texarkana.
May 9, 1917. Rehearing Denied
May 24, 1917.)

1. JUSTICES OF THE PEACE ⊂⊃141(2) — AP-
PEAL—JURISDICTION OF COUNTY COURT.

If the justice court did not have jurisdic-
tion of the mortgage foreclosure, because the
value of the mules exceeded $200, the county
court did not, by appeal to it, acquire juris-
diction.

[Ed. Note.—For other cases, see Justices of
the Peace, Cent. Dig. § 472.]

2. JUSTICES OF THE PEACE ⊂⊃43(1)—JURIS-
DICTION—AMOUNT.

In view of Const. art. 5, § 19, the justice
court would have no jurisdiction of the foreclo-
sure of a mortgage on two mules, if their
value exceeded $200.

[Ed. Note.—For other cases, see Justices of
the Peace, Cent. Dig. §§ 75, 149, 150, 152, 156.]

3. JUSTICES OF THE PEACE ⊂⊃44(2)—JURIS-
DICTION — AMOUNT, HOW DETERMINED —
PLEADINGS.

Where plaintiffs in good faith, in a suit to
foreclose a mortgage on two mules, alleged that
they were of the value of $180, the allegation
should be treated as conclusively establishing
that to be their value, so far as the question of
jurisdiction was concerned.

[Ed. Note.—For other cases, see Justices of
the Peace, Cent. Dig. §§ 158, 162, 164, 167.]

4. JUSTICES OF THE PEACE ⊂⊃188(1)—APPEAL
—ABANDONMENT OF CLAIM.

Where plaintiffs abandoned their claim of
a right to have the mortgage foreclosed after
the cause by appeal was transferred from the
justice to the county court, they were not en-
titled to a foreclosure in the county court.

[Ed. Note.—For other cases, see Justices of
the Peace, Cent. Dig. §§ 721, 722.]

Appeal from Wood County Court; R. E.
Bozeman, Judge.

Suit in justice court by J. F. Turner &
Bro. against W. H. Gable. Plaintiffs had
judgment in the justice court, and defend-
ant appealed to the county court, where
there was a judgment dismissing the suit.
From the latter judgment, plaintiffs appeal.
Reversed and rendered, with costs.

Appellants, by their suit commenced in a
justice court, sought a recovery against ap-
pellee on a promissory note, dated February
2, 1914, for $129.75, interest from its date
at the rate of 10 per cent. per annum, and
10 per cent. additional as attorney's fees,
and also sought a foreclosure of a mortgage
on two mules, which they alleged to be of
the value of $180, given to secure the pay-
ment of the note. In the justice court ap-
pellee filed a sworn plea, in which he alleg-
ed the value of the mules to be more than
$200, and charged that appellants had false-
ly and fraudulently alleged the value there-
of to be only $180 for the purpose of giving
the justice court jurisdiction of the suit. A
trial in that court resulted in a judgment
for appellants for $158.75, and for foreclosing
the lien of the mortgage on the mules. Ap-

pellants prosecuted an appeal to the county
court, where judgment dismissing the suit
was rendered, on the ground that the justice
court was without power to hear and deter-
mine it, because the mules against which
appellants sought a foreclosure of the mort-
gage were of the value of over $200. In con-
nection with the finding that the value of
the mules exceeded $200, the county court
further found that appellants, in alleging
their value to be only $180, "acted honestly
and fairly," and not "for the fraudulent pur-
pose of conferring jurisdiction on the justice
court." It appears from the findings that
the county court concluded that it appeared
"from the preponderance of the evidence"
that the mules were worth more than $200,
because, quoting his language, "ten credible
witnesses, acquainted with the mules in ques-
tion, testified that their value was from $250
to $300," while only "four credible witnesses,
acquainted with the mules, testified that their
value was from $150 to $190."

M. D. Carlock, of Winnsboro, for appel-
lants. W. D. Suiter, of Winnsboro, Jones &
Jones, of Mincola, and B. F. Cathey, of Quit-
man, for appellee.

WILLSON, C. J. (after stating the facts as
above). [1, 2] If the value of the mules ex-
ceeded $200, the justice court did not have
jurisdiction of the suit (article 5, § 19, of
the Constitution); and, if it did not, the
county court did not, by the appeal to it, ac-
quire jurisdiction thereof. Cotulla v. Gog-
gan, 77 Tex. 32, 13 S. W. 742; Schwartz v.
Fries, 31 S. W. 214; Smith v. Carroll, 28 Tex.
Civ. App. 330, 66 S. W. 863. But, in deter-
mining the questions as to jurisdiction, both
the justice court and the county court were
bound to assume the value of the mules to
be as alleged in appellant's pleadings, in the
absence of pleading and proof by appellee
that they were of greater value than $200,
and that appellants had falsely alleged their
value to be only $180 for the purpose of con-
ferring jurisdiction it did not in fact have of
the suit upon the justice court. Dwyer v.
Bassett, 63 Tex. 274; Houston Ice & Brew-
ing Co. v. North Galveston Imp. Co., 29 Tex.
Civ. App. 40, 67 S. W. 1079; Graham v. Ro-
der, 5 Tex. 141; Baker v. Guinn, 4 Tex. Civ.
App. 539, 23 S. W. 604.

[3] Having found that appellants acted in
good faith in alleging the value of the mules
to be $180, the county court should have
treated the allegation as conclusively estab-
lishing that to be their value, so far as the
question as to jurisdiction was concerned,
notwithstanding he may have believed from
testimony before him that their value was
in excess of $200. As that court erred in
dismissing the cause, and in refusing instead
to render judgment for appellants for the
amount due on the note, to wit, the sum of
$173.75, its judgment will be reversed, and

judgment will be here rendered that appellants have and recover of appellee said sum of $173.75, together with interest thereon from April 1, 1916, at the rate of 10 per cent. per annum, and the costs of this court and the courts below.

[4] Appellants were not entitled in the county court to a foreclosure of the mortgage lien, because they abandoned their claim of a right thereto after the cause, by the appeal, was transferred to that court.