HUNTER v. MARLIN NAT. BANK.
(No. 5794.)

(Court of Civil Appeals of Texas. Austin. May 9, 1917. On Motion for Rehearing, June 13, 1917.)

1. COURTS ⟨⟩122—JURISDICTION—FORECLOSING CHATTEL MORTGAGE.

Jurisdiction in an action for debt and to foreclose the chattel mortgage security is determined by the value of the mortgaged chattels as alleged in the petition, unless the allegation was fraudulently made to confer jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413, 427.]

On Motion for Rehearing.

2. COURTS ⟨⟩122—JURISDICTION—FORECLOSING CHATTEL MORTGAGE.

The value of the property as alleged by the petition in action to foreclose chattel mortgage being such as to give jurisdiction to the county court in which action was brought, and the court finding the allegation was made in good faith, it is immaterial that the evidence on the trial showed the value to be less than the jurisdictional amount.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413, 427.]

Appeal from Falls County Court; F. S. Heffner, Judge.

Action by the Marlin National Bank against C. T. Hunter. Judgment for plaintiff, and defendant appeals. Affirmed.

E. W. Bounds, of Marlin, for appellant. Jennings & Higgins, of Marlin, for appellee.

JENKINS, J. Appellee sued appellant in the county court upon a promissory note for the sum of $122, with interest and attorney's fees, and to foreclose a chattel mortgage upon live stock, alleged to be of the total value of $250. Appellant filed a plea in abatement, alleging, among other things, that the live stock covered by said mortgage were all dead before and at the time of the filing of the suit, except one mare and one cow, aggregating in value a sum less than $200, and alleged that the alleged value of said mortgaged property of $250 was made by plaintiff in order to fraudulently confer jurisdic-

tion upon the county court. Evidence as to the value of the mortgaged property was heard by the court on the plea in abatement, and said plea was overruled, and judgment was rendered for the plaintiff, upon which action of the court the appellant assigns error.

[1] It has been settled by repeated decisions of our Supreme Court that, in a suit for debt and to foreclose a chattel mortgage, the value of the property mortgaged is determinative of the jurisdiction of the court. It is well settled that the question of jurisdiction will be determined by the allegations in plaintiff's petition, unless the same are fraudulently made for the purpose of maintaining or defeating jurisdiction of the court in which the suit is filed. McDaniel v. Staples, 113 S. W. 596; Houston Ice Co. v. Improvement Co., 29 Tex. Civ. App. 40, 67 S. W. 1079; Stricklin v. Arrington, 141 S. W. 189; Tenison v. Hagendorn, 155 S. W. 690. Numerous cases sustaining this proposition may be found in Michie's Digest, Courts, vol. 5, p. 404.

The testimony upon the part of the plaintiff as to the allegations that the value of the mortgaged property was fraudulently alleged amply sustains the finding of the court against said plea. The mortgage was upon one mare and four cows. It recites that the mare was bought for $600. T. A. Reed, who wrote the mortgage, testified that defendant told him that he paid $600 for the mare. Plaintiff's attorneys testified that on the day the suit was brought, and prior to the filing of the petition, the defendant told them that three of the cows were dead, but that the mare and the cow living were worth $250.

Appellant cites the case of Cantrell v. Cawyer, 162 S. W. 920, decided by this court. That case is not in point. In that case there was no allegation as to the value of the mortgaged property. The only allegation in the petition was as to the amount of the debt, which showed jurisdiction of the trial court.

The testimony upon behalf of the appellee as to the value of the mare is by no means conclusive. The appellee testified that the mare was registered as a race mare, and that he paid $600 for her, but that the registration was counterfeit. Two witnesses for appellant testified that they were acquainted with the market value of horses, and that if the registration of the mare as a race mare was counterfeit, and if she was not a brood mare, she was worth only $40 or $50. Neither of these witnesses claimed to know whether or not the registration was counterfeit, nor whether or not she was a brood mare. The testimony showed the cow to be worth $50.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.

## On Motion for Rehearing.

[2] Appellant seems to have construed our statement that the testimony as to the value of the mare was by no means conclusive as being the ground upon which we affirmed the judgment herein. An examination of our opinion herein will show that our decision is based upon the fact that appellee alleged in his petition that the value of the mortgaged property was $250. This being alleged, and the court having found that the allegation was made in good faith, and not for the fraudulent purpose of conferring jurisdiction, it is immaterial that the evidence upon the trial showed that such property was worth less than $200.

Motion for rehearing is overruled.

Overruled.