## STRIPLING v. MOONEY.  (No. 387.)

(Court of Civil Appeals of Texas.  Beaumont. Dec. 27, 1918.  On Motion for Rehearing, Jan. 8, 1919.)

1. JUSTICES OF THE PEACE ☞141(2)—APPEAL—JURISDICTION OF COUNTY COURT.

If the justice court did not have jurisdiction of action because the value of the property exceeded $200, the county court had no jurisdiction on appeal.

2. JUSTICES OF THE PEACE ☞44(6)—JURISDICTION—AMOUNT—PLEADINGS—REPLEVIN.

The amount in controversy in replevin will be assumed to be that fixed in the complaint in determining the jurisdiction until the contrary is shown.

3. JUSTICES OF THE PEACE ☞44(6)—JURISDICTION—FALSE STATEMENT OF VALUE—PURPOSE—FINDING.

It is not sufficient that the value of property in controversy is more than stated in the complaint and beyond the justice's jurisdiction, unless plaintiff falsely stated the value for the purpose of conferring jurisdiction.

4. JUSTICES OF THE PEACE ☞141(6)—JURISDICTION—AMOUNT—FINDINGS.

Though the jury on appeal found the value of personalty in controversy to be $300, it must be held that plaintiff's allegation of value to be $195 was made in good faith, where there was no request for finding on plaintiff's good faith.

### On Motion for Rehearing.

5. JUSTICES OF THE PEACE ☞173(3)—JURISDICTION—APPEAL—EVIDENCE.

In replevin action brought in the justice court, upon appeal to the county court, it was error to exclude evidence that plaintiff's attorney stated that he knew the automobile's value was beyond the justice court's jurisdiction, but lowered it in the complaint because he could get quicker trial in the justice court.

Appeal from Nacogdoches County Court; J. F. Perritte, Judge.

Suit by E. E. Mooney against J. B. Stripling in the justice court.  Upon appeal to the county court, a judgment was rendered for plaintiff and against defendant and the sureties on his replevin bond, and defendant appeals.  Reversed and remanded.

C. A. Hodges, of Nacogdoches, for appellant.

Ingraham & Watson and S. M. Adams, all of Nacogdoches, for appellee.

BROOKE, J.  This is a suit brought in the justice's court by appellee against appellant for an automobile or its value, alleged to be $195.  In the county court, on appeal, there was a jury trial, resulting in a judgment for the plaintiff for the car sued for, and against the defendant and the sureties on his replevy bond for the sum of $195. The defendant, in the justice's court, in due time filed a proper plea to the jurisdiction of that court on the ground that the value of the car exceeded $200, and that its value had been fraudulently alleged to have been $195 by plaintiff for the purpose of conferring jurisdiction upon that court.  This plea was urged in the county court, and the jury was asked the question as to what was the value of the car in question, to which they answered, "$300."  Upon this plea and the answer of the jury to this question, appellant urges the proposition that the court was without jurisdiction in this case, and should have dismissed the case.

[1-3] If the justice's court did not have jurisdiction because the value of the property exceeded $200, the county court did not acquire jurisdiction by the appeal to it, and if the value of the property exceeded $200, the justice's court was without jurisdiction.  In determining this question, however, it will be assumed that the value of the property is the amount fixed in plaintiff's pleading until it is shown that this value is in excess of $200, and that the value had been falsely alleged to be less for the purpose of conferring jurisdiction on the trial court.  It is not sufficient that the trial court or jury should find that the value was greater than stated in plaintiff's pleading. The further finding must be had that it was falsely so stated for the purpose of conferring jurisdiction upon the court.  Turner & Bro. v. Gable, 195 S. W. 348.

[4] There was no request by appellant for a finding by the jury upon the good faith of appellee in alleging the value of the automobile to be $195, and therefore it must be held that such allegation of value was made in good faith, notwithstanding the finding of the jury from the testimony before them that the value was $300.

We have examined carefully all questions raised in appellant's brief, and believe that the record presented to this court fails to show error in the trial of the cause below. Therefore we affirm the judgment in this case.

### On Motion for Rehearing.

HIGHTOWER, C. J.  [5] Upon consideration of appellant's motion for rehearing in

this cause, we find that in the preparation of the original opinion by this court we overlooked appellant's fourth assignment of error. That assignment complains of the refusal of the trial court to permit appellant to introduce certain evidence touching the issue of bad faith on the part of appellee in filing this suit in the justice's court. By a proper bill of exceptions it is made to appear that while the appellant, Stripling, was on the witness stand, he was asked the following question by his counsel, to wit:

"Mr. Stripling, state whether or not you were present at each of the trials in this case in the justice court and whether you remember that C. C. Watson, the attorney for the plaintiff [appellee], stated in said trials and agreed to the court and jury that he knew before he filed this suit that the automobile in question was worth $250 or $300, but that he brought the suit in the justice court for the reason that he could get a trial quicker in the justice court than he would by filing suit in the county court."

The bill further shows that the appellee objected to the answer of the witness Stripling to this question, upon the ground that the same would be immaterial, which objection the trial court sustained, and refused to permit appellant, while such witness, to answer the question. It is further shown by the bill that, had the witness Stripling been permitted to answer the question, he would have answered that he did hear appellee's counsel state at the trial of this cause in the justice court that he (appellee's counsel) did know at the time he filed the suit in the justice court that the automobile in question was worth $250 or $300, but that he brought the suit in the justice court so that he could get a trial quicker than he could have done by filing it in the county court. The action of the trial court in sustaining the objection interposed to this evidence was clearly error, because such proffered testimony was material on the issue of bad faith of appellee and his counsel in filing the suit in the justice court, which issue was tendered by the answer of the appellant in this case. If this testimony had been admitted, as it should have been, against the objection offered thereto, it would have clearly raised the issue before the jury as to whether appellee knew at the time he filed the suit in the justice court that the value of the automobile exceeded the jurisdiction of that court, and that its alleged value for a less amount so as to bring it within the jurisdiction of that court was fraudulently made; and thus there would have been an issue which appellant could properly have requested the court to submit to the jury. But, without this evidence, as is admitted by appellee, there was no issue of fact to go to the jury on that point, and appellant could not have properly requested the trial court to submit such issue.

Therefore appellant's motion for rehearing is granted, and because of the error of the trial court, as pointed out by the fourth assignment, its judgment is reversed, and the cause is remanded.