**PARKS v. JENKINS et al.**

No. 3478.

Court of Civil Appeals of Texas. Amarillo.

Nov. 5, 1930.

Rehearing Denied Dec. 3, 1930.

Writ of Error Granted Jan. 1, 1931.

Glover Engledow, of Clairemont, and Perry T. Brown, of Friona, for appellant.

W. D. Wilson, of Spur, for appellees.

JACKSON, J.

J. A. Parks, the appellant, filed this suit in the county court of Kent county, Tex., against the appellees G. C. Jenkins and the First National Bank of Jayton, Tex., to recover a balance of $407.50, with 10 per cent. interest and attorney fees thereon, evidenced by a note executed by G. C. Jenkins and payable to J. A. Parks. The appellant also sought to foreclose a chattel mortgage on

personal property fully described in his petition, the value of which he alleged to be $400.

The appellees each filed a plea attacking the jurisdiction of the court because appellant's allegation that the property on which he sought to foreclose a mortgage was of the value of $400, was false and untrue, not made in good faith, but was falsely made for the fraudulent purpose of attempting to confer jurisdiction on the county court. ·That in truth and in fact the personal property upon which a foreclosure was sought was of the value of $1,500.

The issue presented on the question of jurisdiction was tried to the court without the intervention of a jury, and after hearing the testimony, the court found, in substance, that the aggregate value of the property upon which appellant sought to foreclose his lien was the sum of $1,750. That neither the plaintiff nor his attorney made proper inquiry to determine the value of the property before the filing of the suit. That an investigation would have disclosed the value of the property to be greatly in excess of $1,000. That the appellant's attorney, in alleging the property was of the aggregate value of $400, did not intend any fraud upon the jurisdiction of the court, but made such allegation in good faith and without any intention to place the jurisdiction of the case where it did not rightfully belong, and that in the opinion of said attorney the value of the property was the sum of $400. That in fact the value of said property was inaccurately alleged, the effect of which allegation was to confer jurisdiction where it did not rightfully belong. Upon these findings the court concluded as a matter of law that he was without jurisdiction and dismissed the case, from which order and judgment the appellant prosecutes this appeal.

The appellant challenges as error the action of the trial court in sustaining the pleas to his jurisdiction and dismissing the case after having found that the allegation in appellant's petition stating the value of the property mortgaged was made in good faith, believing it to be true, and without any intention to perpetrate a fraud upon the jurisdiction of the court or place the jurisdiction of the case where it did not rightfully belong.

In Hoffman v. Cleburne Bldg. & Loan Association, 85 Tex. 409, 22 S. W. 154, 155, the Supreme Court says: "In such cases the jurisdiction exists if it appears from the allegations of the petition. The jurisdiction of the court cannot be defeated when the case stated in the petition is within its jurisdiction, unless it is made to appear that the allegations upon which the jurisdiction depends were fraudulently inserted in the petition for the purpose of conferring the jurisdiction. Such fraud exists when the jurisdictional averments are not only untrue, but are made by the pleader for the purpose of deceiving, and without being believed to be true."

In Hunter v. Marlin National Bank (Tex. Civ. App.) 195 S. W. 882, 883, it is said: "It has been settled by repeated decisions of our Supreme Court that, in a suit for debt and to foreclose a chattel mortgage, the value of the property mortgaged is determinative of the jurisdiction of the court. It is well settled that the question of jurisdiction will be determined by the allegations in plaintiff's petition, unless the same are fraudulently made for the purpose of maintaining or defeating jurisdiction of the court in which the suit is filed." Citing numerous authorities.

See, also, Davis et al. v. T. & P. Ry. Co., 12 Tex. Civ. App. 427, 34 S. W. 144, and authorities cited; J. F. Turner & Bro. v. Gable (Tex. Civ. App.) 195 S. W. 348, and authorities cited.

As we understand these authorities, they are decisive in favor of appellant's contention.

The great discrepancy in the value of the property as alleged and as disclosed by the testimony, the want of investigation to determine the value of the property when it could readily have been ascertained, with numerous other facts and circumstances in the case, would have supported a finding by the court that the allegations as to value were not made in good faith, but were made for the purpose of conferring jurisdiction where it did not belong; but there is evidence sustaining the finding of the court to the contrary, and his finding is not challenged.

The judgment is reversed, and the cause remanded.