### JENKINS et al. v. PARKS.
### No. 1551—5873.

Commission of Appeals of Texas, Section A.

May 16, 1932.

W. D. Wilson, of Spur, for plaintiffs in error.

Perry T. Brown, of Friona, and Glover Engledow, of Clairemont, for defendant in error.

CRITZ, J.

We adopt the statement of the nature and result of this suit as made by the Court of Civil Appeals. 41 S.W.(2d) 507. It is as follows:

"J. A. Parks, the appellant, filed this suit in the county court of Kent county, Tex., against the appellees G. C. Jenkins and the First National Bank of Jayton, Tex., to recover a balance of $407.50, with 10 per cent. interest and attorney fees thereon, evidenced by a note executed by G. C. Jenkins and payable to J. A. Parks. The appellant also sought to foreclose a chattel mortgage on personal property fully described in his petition, the value of which he alleged to be $400.

"The appellees each filed a plea attacking the jurisdiction of the court because appellant's allegation that the property on which he sought to foreclose a mortgage was of the value of $400, was false and untrue, not made in good faith, but was falsely made for the fraudulent purpose of attempting to confer jurisdiction on the county court. That in truth and in fact the personal property upon which a foreclosure was sought was of the value of $1,500.

"The issue presented on the question of jurisdiction was tried to the court without the intervention of a jury, and after hearing the testimony, the court found, in substance, that the aggregate value of the property upon which appellant sought to foreclose his lien was the sum of $1,750. That neither the plaintiff nor his attorney made proper inquiry to determine the value of the property before the filing of the suit. That an investigation would have disclosed the value of the property to be greatly in excess of $1,000. That the appellant's attorney, in alleging the property was of the aggregate value of $400 did not intend any fraud upon the jurisdiction of the court, but made such allegation in good faith and without any intention to place the jurisdiction of the case where it did not rightfully belong, and that in the opinion of said attorney the value of the property was the sum of $400. That in fact the value of said property was inaccurately alleged, the effect of which allegation was to confer jurisdiction where it did not rightfully belong. Upon these findings the court concluded as a matter of law that he was without jurisdiction and dismissed the case, from which order and judgment the appellant prosecutes this appeal.

"The appellant challenges as error the action of the trial court in sustaining the pleas to his jurisdiction and dismissing the case after having found that the allegation in appellant's petition stating the value of the property mortgaged was made in good faith, believing it to be true, and without any intention to perpetrate a fraud upon the juris-

diction of the court or place the jurisdiction of the case where it did not rightfully belong."

### Opinion.

█ The Court of Civil Appeals, 41 S.W. (2d) 507, holds that, inasmuch as the trial court found that Parks' attorney, in alleging the property was of the aggregate value of $400, did not intend any fraud upon the jurisdiction of the court, but made such allegation in good faith and without any intention to place jurisdiction where it did not rightfully belong and that in the opinion of said attorney the value of the property was the sum of $400, such court erred in dismissing the case. In this holding the Court of Civil Appeals was in error.

██ It is the settled law of this state, that, in a case where the amount of recovery sought is within the jurisdiction of the county court, but the property sought to be foreclosed on under a contract lien is of a value within the exclusive jurisdiction of the district court, the district court, and not the county court, has exclusive jurisdiction of the case. In other words, in such a case the jurisdiction of the court is determined by the value of the property and not the money judgment sought. We think it is also the law that in such a case the question of jurisdiction will be determined by the allegations in the petition unless such allegations are false, and fraudulently made for the purpose of conferring jurisdiction where it does not rightfully belong. This is the holding of the Court of Civil Appeals and is correct. However, we think that in cases of this kind it is the duty of the plaintiff or his attorney to make reasonable inquiry or investigation as to values, and, should they fail to do so, the plaintiff should be charged as a matter of law with whatever facts such an investigation will have disclosed.

In the case at bar the court found that the mortgaged property was of the value of $1,750. This finding is amply supported by the evidence. In fact, the plaintiff made no effort to controvert such fact. Furthermore, it is found by the trial court and uncontroverted by the record that neither the plaintiff nor his attorney made any investigation or effort to ascertain the value of the property here sought to be foreclosed on. It is also uncontroverted that, had they made such investigation, they would have readily ascertained that the value of such property was above the county court's jurisdiction. It follows that legal or constructive fraud was established as a matter of law, and the county court was correct in dismissing the case.

We recommend that the judgment of the Court of Civil Appeals be reversed and the judgment of the county court affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is reversed, and that of the county court is affirmed, as recommended by the Commission of Appeals.