## ROPER BROTHERS V. J. T. BRADY ET AL.

### No. 7103.

1. **Fictitious Allegations Made to Confer Jurisdiction.**—To avoid the effect of fictitious allegations made in a petition to confer jurisdiction it is necessary that the defendant allege and prove that such allegations were fictitious, etc. It is not sufficient to except to the petition as not showing jurisdiction by reason of such allegations; and where such exceptions were made and overruled, no plea or evidence making the issue, the question will not be considered on appeal. See example.

2. **Actual Damages—Practice.**—The verdict was in excess of the value of the property alleged to have been seized. The excess was remitted. There was no evidence upon other matters set up in the petition. *Held*, that while exceptions to such other allegations were improperly overruled, such action is not ground for reversal of the judgment for the value of the property as actual damages for which the plaintiff was entitled to recover.

3. **Fraud in Acquiring Jurisdiction.** — When a fraudulent attempt to confer jurisdiction is not apparent in the pleadings of the plaintiff, the facts showing such fraud must be alleged in the answer, as are other defenses, and submitted as an issue to the jury.

APPEAL from Hill. Tried below before Hon. J. M. Hall.
The opinion states the case.

*Smith & Wear*, for appellants.—1. If the petition on its face does not present facts which, applying the correct measure of damages, do not show plaintiff entitled to a sum within the jurisdiction of the court, a general demurrer should be sustained. Ward v. Lathrop, 4 Texas, 180; Railway v. Le Gierse, 51 Texas, 189; Hibbard v. Telegraph Co., 33 Wis., 558; Jones v. King, 33 Wis., 442.

2. In suits of this kind parties can not recover for imaginary and speculative profits. Stell v. Paschal, 41 Texas, 644.

3.   When a levy is regularly made upon property found in the possession of the judgment debtor, without malice, etc., vindictive damages are not recoverable by a third party.

4.   The correct measure of damages for the conversion of personal property is the value of the property and 8 per cent interest from the conversion.   Harris v. Finberg, 46 Texas, 80; Wallace v. Finberg, 46 Texas, 48.

*D. Derden* and *S. C. Upshaw*, for appellees.—1.   The question of jurisdiction is not determined by the verdict of the jury or the judgment of the court as to the matters in controversy, but is determined by the amount of damages claimed in plaintiff's petition.   Bridge v. Ballew, 11 Texas, 269.

2.   Appellees were right in claiming as damages any injury or loss sustained by them by reason of the unlawful and wrongful levy upon their property and sale and conversion thereof; and any reasonable expenses incurred by them in endeavoring to prevent the same are proper subjects of damages, because these are matters which are but the natural and reasonable results flowing from such acts.   Brandon v. Manufacturing Co., 51 Texas, 125.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellees to recover damages for the sale of a horse and two mules under an execution in favor of appellants and against one Gilliam.   The petition charged that the animals were the separate property of Sarah J. Brady, the wife of the other appellee, and that the mules were worth $80 each and the horse $60; that defendants had notice that plaintiff at the time of the levy had rented thirty acres of land to cultivate during the year, and that he would be prevented from doing so by said levy and sale; that he had contracted to rent fifteen acres on a certain farm, ten of which he intended to cultivate in cotton, but that he was by said levy and sale prevented from cultivating said ten acres, to his damage $150; that he rented and cultivated during said year fifteen acres at another place, but that by reason of his delay in getting teams, caused by said levy, his crops were damaged $100; that plaintiff was, for the purpose of forbidding said sale, compelled to travel two hundred miles from his home in Hill County to the place of sale in Coleman County, Texas, and that the expenses of his trip and the value of his time consumed amounted to $53, of which he alleged the different items.   The petition further charged "that the said taking and conversion to their own use of said property by defendants was willfully, knowingly, oppressively, and wantonly done, and with intent to vex, injure, and harass plaintiffs, to their great damage $600 vindictive damages."

The defendants excepted specially to the allegations of actual damage and to the allegations charging vindictive damages, on the grounds that the petition was contradictory and showed that the property was not in the possession of the plaintiffs and that the levy was lawfully made; and did not show that it was made "oppressively and wantonly and without probable cause for believing that the property belonged to the defendant in execution."

The defendants also objected to the jurisdiction of the court by an exception to the petition, in which the objection was stated as follows:

"Plaintiff's allegations of his damages beyond the value of the property is only done to attempt to give this court jurisdiction of this cause; and they show no cause of action beyond the value of the property at the time of the alleged conversion, with legal interest; and the value so alleged being $220, is not within the jurisdiction of the court."

The only other pleadings filed by the defendants were a general denial and a plea of not guilty.

The court sustained the exception first referred to and overruled the remainder.

The value of the animals and plaintiffs' loss of time and expenses in making the trip to Coleman County were proved as alleged in the petition, but no evidence was offered upon the other allegations of damage. The sale of the property under execution was proved as alleged, and also that plaintiffs gave notice at the sale that the property belonged to Mrs. Brady. Evidence was introduced by the plaintiffs to prove that the animals belonged to Mrs. Brady, and by the defendants tending to cast a doubt upon her title.

The court charged the jury that the measure of plaintiffs' recovery of actual damages was the value of the property at the time of its conversion with interest, "together with the necessary expense incurred and the value of the loss of time sustained by plaintiffs in their efforts to protect said property from sale." The jury returned a verdict in favor of the plaintiffs for $280 "actual damage." The plaintiffs entered a remittitur of all the judgment in excess of $220.

We do not think that a cause of action for actual damages was stated by the petition for anything but the value of the animals, but as no evidence was introduced upon any other issue and the charge confined the recovery to their value and the loss of plaintiffs' time, etc., and as the judgment above what the evidence shows the animals were worth was released by the plaintiffs, we do not think that the cause should be reversed for the failure to sustain exceptions that were well taken upon this branch of the case.

The evidence did not warrant a finding for vindictive damages and the jury gave none.

The petition, however, stated a case for the recovery of such damages. The case made by it was that the defendants, knowing that the property

belonged to plaintiffs, willfully and wantonly caused it to be seized and sold with the intent to vex and injure them.

The cause of action for the value of the mules and for exemplary damages combined was one over which the District Court had jurisdiction, and therefore the exception to the petition on that ground was properly overruled.

The evidence, we think, failed to show either a cause of action for malicious damage or such a state of facts as would justify the belief .that that ground of action was in good faith stated in the petition; and if the issue had been properly made it ought to have been found against and have defeated the jurisdiction of the District Court. The method of reaching and deciding the jurisdiction question in such cases was stated by this court in the case of the International & Great Northern Railway Company v. Nicholson, 61 Texas, 552, in which it was said: "There was nothing upon the face of the petition to show that the amount in controversy was placed at over $200 for the purpose of improperly giving jurisdiction to the District Court. On the contrary, the petition makes out a clear case of jurisdiction by alleging the goods lost to be worth $228.55, and there is nothing in it to show that this was an overvaluation.

"In such a case, if a defendant wishes to show by extraneous proof that the value was falsely estimated at too much, for the purpose of giving jurisdiction to the court, he must plead it, and then it becomes a question of fact to be submitted to the jury with the other issues in the cause."

In the case of Dwyer v. Bassett, 63 Texas, 276, the same doctrine is announced, and it is there said that the defense "should not only have been pleaded, but an issue thereon should have been tried under proper instructions."

We think that these authorities sufficiently show that when the fraudulent attempt to confer jurisdiction is not apparent from the pleadings of the plaintiff it must be alleged in the answer as other defenses are and submitted as an issue of fact to the jury upon the evidence.

The judgment is affirmed.

*Affirmed.*

Delivered April 24, 1891.