J. J. Hoffman v. Cleburne Building and Loan Association et al.
No. 4.

**Fraudulent Attempt to Acquire Jurisdiction—Pleading.**—Where the petition filed in the District Court alleges an amount in controversy within the jurisdiction of the court, and the defendant contends that the real amount in controversy is less than such jurisdiction, and that it has been fraudulently alleged at such greater value for the purpose of conferring jurisdiction of the case upon such court, it is necessary that such facts be pleaded by the defendant, and that the plea be filed in due order of pleading; that is, in abatement.

On Certificate under section 35 of Act of April 13, 1892, organizing Courts of Civil Appeals, page 31.   From Court of Civil Appeals, Second District, in a case on appeal from District Court of Johnson County.

The opinion gives a full statement of the facts and issues submitted.

HENRY, Associate Justice.—This case comes before us upon a certificate of the presiding judge of the Court of Civil Appeals of the Second Supreme Judicial District, presenting the following issue of law:

" Where the petition alleges an amount within the jurisdiction of the court, and the defendant pleads that the real amount in controversy is less than such jurisdiction, and has been fraudulently alleged at such greater sum for the purpose of conferring jurisdiction of the case upon such court, is it necessary that such plea be filed before an answer to the merits, or is it sufficient that this issue is presented in an amendment (filed after an original answer containing a general demurrer and a general denial), and submitted to the jury with the other issues in the case?"

The certificate is in pursuance of section 35 of the act to organize the Courts of Civil Appeals, reading as follows:

" Whenever, in any case pending before the Court of Civil Appeals, of which said Court of Civil Appeals has final jurisdiction, there shall arise an issue of law that is novel, or presenting a question of first impression to the court, and the Court of Civil Appeals shall deem it advisable to

present the issue to the Supreme Court for adjudication, it shall be the duty of the presiding judge of said court to certify the very question to be decided to the Supreme Court; and during the pendency of the decision by the Supreme Court the cause in which the issue is raised shall be retained for final adjudication in accordance with the decision of the Supreme Court upon the issue submitted.''

An important preliminary question, as to the necessity for the defendant to plead at all the want of jurisdiction in such cases, seems to arise.

It must be admitted that the decisions of this court have not always been entirely clear, nor in perfect harmony with each other, on the question.

There are early cases which seem to hold, that without its being pleaded by the defendant the court may, of its own motion, dismiss a cause when it becomes apparent that the value or amount really involved is not within its jurisdiction, and that the plaintiff's allegations showing jurisdiction are fraudulently made.   Gouhenant v. Anderson, 20 Texas, 460; Tarbox v. Kennon, 3 Texas, 8.

That consent can not confer jurisdiction over the subject matter, and that the court should dismiss a cause whenever it ascertains that the subject matter of a controversy is not within its jurisdiction, are correct propositions.

But by what means and under what regulations the court shall ascertain whether or not the jurisdiction exists in the particular case, are questions of the first importance.

All of the cases seem to concur in the proposition that the '' plaintiff's demand as set out in his petition, and not the amount of the verdict, is, in general, the criterion by which to determine the question of jurisdiction.''   Sherwood v. Douthit, 6 Texas, 224; Bridge v. Ballew, 11 Texas, 269; Graham v. Roder, 5 Texas, 145; Tarbox v. Kennon, 3 Texas, 8; Dwyer v. Bassett, 63 Texas, 276.

They likewise concur in the conclusion that the case should be dismissed for the want of jurisdiction, '' when it appears that the plaintiff, in stating his demand, has improperly sought to give jurisdiction where it did not rightfully belong.''   Id.

The plaintiff may, in fact, have a cause of action within the jurisdiction of the court, but fail to prove it; or he may honestly believe that he has such a cause of action, when he has not.

In such cases the jurisdiction exists if it appears from the allegations of the petition.

The jurisdiction of the court can not be defeated when the case stated in the petition is within its jurisdiction, unless it is made to appear that the allegations upon which the jurisdiction depends were fraudulently inserted in the petition for the purpose of conferring the jurisdiction.

Such fraud exists when the jurisdictional averments are not only un-

true, but are made by the pleader for the purpose of deceiving, and without being believed to be true.

When such an issue is made it may be determined by circumstantial or any other pertinent evidence that would be proper in the trial of other issues.

Unquestionably the defendant may in every case introduce evidence, under a general denial, disputing and reducing the value or amount of the subject matter of litigation; but as the jurisdiction does not depend upon the value or amount of the recovery, nor, exclusively, upon the true and exact amount or value of the subject matter in controversy, in cases where the plaintiff's claim, as set forth in his petition, is sufficient to confer jurisdiction, it must also properly be made to appear that the plaintiff fraudulently alleged the jurisdictional facts.

The defendant may introduce evidence upon the issue of fraud, but no good reason can be perceived for distinguishing the trial of that issue from others by permitting the evidence without a pleading or allegation to support it.

When the defendant proposes to introduce evidence to defeat the jurisdiction, it is essential and proper that he should advise the plaintiff of the issue by pleading the facts, so as to enable him to come prepared to meet it.

In some cases it may appear from the plaintiff's evidence, without the introduction of any evidence by the defendant, that the amount or value in controversy is not sufficient to give the court jurisdiction; but still it would not be a necessary inference that the plaintiff had fraudulently stated his case for the purpose of wrongfully conferring jurisdiction. Besides, in every suit the issues must be pleaded as well as proven.

In the case of Hall v. Jackson, 3 Texas, 309, it was said by Justice Wheeler, that " the proposition, that facts not alleged, though proved, can not form the basis of a decree or judgment, seems almost too clear upon obvious principle to require the support of authorities, and may be regarded as the already settled doctrine of this court." See Denison v. League, 16 Texas, 409.

The later opinions of this court hold, that the issue must be both pleaded and proved. Railway v. Nicholson, 61 Texas, 552; Dwyer v. Bassett, 63 Texas, 276; Roper Bros. v. Brady, 80 Texas, 588.

The decision, that when the petition shows a case within the jurisdiction of the court the issue can not be presented otherwise than by a plea in abatement, is conclusive of the question now presented to us.

It is controlled by article 1262 of the Revised Statutes, which requires, that the defendant shall file his pleadings " all at the same time and in due order of pleading." Holstein v. Gardner, 16 Texas, 115· Graham v. McCarty, 69 Texas, 323.

The due order of pleading requires that such pleas shall be filed before an answer to the merits.

We do not wish to be understood as deciding that cases may not arise in which it will be within the discretion of the court to permit the defendant to withdraw all of his pleadings and plead anew, for the purpose of presenting a plea in abatement.

It is the judgment of this court that the cause be proceeded with in the Court of Civil Appeals in accordance with the conclusions expressed in this opinion.

Delivered February 23, 1893.

While concurring in the disposition made of the question certified, I am inclined to think the Supreme Court has no jurisdiction to consider the question as presented.—STAYTON, Chief Justice.