STONE v. BARE et al. (No. 7818.)

(Court of Civil Appeals of Texas. Dallas. Nov. 17, 1917.)

1. JUDGMENT ⚖︎256(2)—CONFORMITY TO VERDICT.

When a case is submitted to the jury on special issues, the trial court cannot, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1986, disregard its finding, though without support in the evidence, and must enter judgment in conformity with the verdict.

2. DISMISSAL AND NONSUIT ⚖︎75—GROUNDS—FALSE CLAIM OF DAMAGES.

Where the jury found that plaintiff had falsely stated his damages for the killing of dogs at such sum as to give jurisdiction to the county court, the court was without jurisdiction, and the proper judgment entry was one of dismissal, and not for the defendants on the merits.

3. APPEAL AND ERROR ⚖︎916(1) — PRESUMPTION.

Since the delay in filing a plea in abatement and the fact that the plea was not sworn to may be waived, it will on appeal be assumed that they were waived where the facts do not appear from the record and all the parties went to trial on the issue raised by the plea.

4. COURTS ⚖︎121(8)—JURISDICTION—HOW ATTACKED—PLEAS IN ABATEMENT.

To establish plea in abatement that the plaintiff laid his damages excessively so as to secure jurisdiction, the evidence must show not only that the property was of a value less than the jurisdictional amount, but that the value laid was for the fraudulent purpose of conferring jurisdiction.

Appeal from Collin County Court.

Action by R. C. Stone against S. H. and Roscoe Bare. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

G. R. Smith and W. R. Abernathy, both of McKinney, for appellant. W. F. Duncan, John Doyle, and Merritt & Merritt, all of McKinney, for appellees.

RASBURY, J. The appellant sued the appellees, father and son, in the court below for damages for wrongfully and maliciously killing two dogs and crippling another, alleged to be of the total market value of $600, but which, due to their special training and knowledge as hunters were of the value to appellant of $800. The appellees plead in abatement of the suit that appellant had laid his damages at a sum in excess· thereof for the fraudulent purpose of conferring jurisdiction upon the trial court and de-

priving the justice of the peace thereof, and on the merits that the dogs were rovers who nocturnally trespassed upon the premises of the elder Bare, freightening his stock, injuring his crops, and destroying the health, peace, and quietude of his home and family, and hence if it appeared that appellee did kill and cripple the dogs as alleged, it was on such an occasion and justifiable. There was trial before jury, to whom the court referred by numerous interrogatories the issues of fact arising upon the plea in abatement, as well as those upon the merits, and which the jury in both instances answered favorably to appellees, and upon which the court, ignoring the verdict on the plea in abatement, entered judgment for appellees on the merits of the case, reciting that such was the legal effect of the verdict. From such judgment, this appeal is perfected.

[1, 2] The first contention is that inasmuch as the claim of appellees, raised by their plea in abatement, that appellant had laid his damages at a sum in excess thereof for the purpose of fraudulently conferring jurisdiction upon the trial court was sustained, judgment should have been one of dismissal. The contention will ·be sustained. When a case is submitted to the jury on special issues, the trial court may not disregard the finding of the jury on a material issue, even though such finding is without support in the evidence. Article 1986, Vernon's Sayles' Civ. Stats.; Scott v. Farmers' & Merchants' Nat. Bank, 66 S. W. 485. In such cases it is the duty of the trial court to enter judgment in conformity with the verdict. He may, on his own motion, or that of the parties, set aside the judgment and order another trial. He may not for obvious reasons ignore the verdict and enter judgment contrary thereto, even though a correct one, since it is the jury's function to pass on fact issues, when jury trial is demanded. In the instant case, as we have shown, the jury by its verdict on that issue found that the damages were laid at an excessive sum in order to fraudulently confer jurisdiction on the trial court. The result of that finding was that the trial court was without jurisdiction, and the proper judgment entry was one of dismissal (Strickland v. Sloan, 50 S. W. 622), whereas, the entry made was a decree for appellees on the merits of the case, the honorable trial judge apparently ignoring the finding on the issue raised by ·the plea, though for what reason does not appear in the record.

[3] Appellees contend, however, that the findings on the plea were immaterial, since it appears that the plea in abatement came too late because filed after answer on the merits, and was insufficient, because not sworn to. The facts recited do appear from the record. Such matters, however, may be waived, and it is to be assumed that they

were, since all parties went to trial on the issue raised by the plea, adduced evidence thereon and the court submitted it to the jury, who returned verdict thereon.

[4] The next contention is that the findings of the jury on the issue raised by the plea in abatement is, from various angles, without support in the testimony. We have carefully examined the evidence on that issue, and find that appellees testified that in the community where the dogs were killed there was no demand or market for such dogs and that in their opinion the appellant's dogs could not have been sold for any price. On the other hand, appellant and quite a number of others testified that there was a market for the dogs, and placed the market value at a sum well within the jurisdiction of the trial court. It is the rule with reference to pleas of the character we are now considering, not only that the evidence must disclose that the property was of a value less than the jurisdictional amount, but that the value laid was for the fraudulent purpose of conferring jurisdiction of the suit; or, in other words, not only that plaintiff is entitled to recover less than the jurisdictional sum, but that the claim for the greater sum was not made in good faith. Strickland v. Sloan, supra. The testimony in the record before us is lacking in any tangible fact or circumstance that would afford basis for the finding that appellant did not in good faith believe his dogs to be of the value stated in his pleading. All the witnesses tendered by appellant testified to facts concerning the market value of the dogs which would have amply sustained a finding in that respect, while at most appellees in their own behalf testified only to a lack of knowledge of the market value of the dogs, coupled with their opinion that appellant could not have sold the dogs for the claimed value. Thus, it not only appears that the great preponderance of the evidence concerning the value of the dogs sustained appellant's claim, but that the testimony of appellees concerning the good faith of appellant in the amount claimed amounted to no testimony at all. We are not to be understood as intending to invade the jury's privilege of weighing the evidence, but only as holding, after allowing to the evidence every reasonable fact deducible therefrom, it results as matter of law that such testimony is insufficient to sustain the claim of fraud.

The conclusion we have reached on the points discussed makes it necessary to reverse the judgment and remand the case for another trial, for which reason we omit any discussion of the issue challenging the sufficiency of the testimony to sustain the verdict of the jury on the merits of the case.

Reversed and remanded.