## C. R. GARNER & CO. v. RILEY. (No. 1873.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 22, 1922. Rehearing Denied March 22, 1922.)

**1. Judgment ⟲199(3)—Court cannot render judgment contrary to material finding.**

The trial court cannot disregard a material finding by the jury and render a judgment notwithstanding the verdict, whether there is or is not evidence to support the finding.

**2. Abatement and revival ⟲81—Charge items are fraudulently alleged to give jurisdiction is plea to the jurisdiction.**

An allegation in the answer that certain items in the amended petition were fraudulently included therein for the purpose of giving jurisdiction to the county court is a plea to the jurisdiction which should be presented before special exceptions and general denial under District and County Court Rule 7 (142 S. W. xvii) and Rev. St. arts. 1909, 1910.

**3. Abatement and revival ⟲81 — Variation from due order of pleading may be waived.**

The requirement as to due order of pleading to the jurisdiction is a formality which can be waived, and is waived in the absence of an exception or motion to strike out on that ground.

**4. Courts ⟲122—Petition held to allege damages within county court's jurisdiction disregarding items fraudulently alleged.**

Paragraphs in a petition for shortage in delivery of goods purchased, which were not attacked as fraudulent, claiming the right to recover the highest market value of the goods defendant failed to deliver which exceeded the minimum jurisdiction of the county court, are sufficient to give that court jurisdiction.

**5. Courts ⟲122—Fraudulent items do not defeat jurisdiction where other items are sufficient.**

The allegation of items of damage in the petition for the fraudulent purpose of giving jurisdiction to the court does not defeat the jurisdiction if the other items alleged in the petition were sufficient to sustain it.

**6. Courts ⟲121(2)—Damages claimed in good faith give jurisdiction.**

A claim in good faith of an amount sufficient to give the county court jurisdiction sustains the jurisdiction to decide the case, though plaintiff failed to prove such claim.

**7. Pleading ⟲104(1)—Defendant must allege claim was fraudulently made to give jurisdiction.**

The contention that items of damage claimed by plaintiff's petition were alleged by him for the fraudulent purpose of giving jurisdiction to the county court must be pleaded by the defendant so as to give plaintiff an opportunity to meet the charge.

**8. Courts ⟲121(8)—Claim for highest market value held sufficient to give jurisdiction.**

The claim by a buyer who had paid in advance for the goods that he was entitled to recover from the seller for a shortage in the goods the highest market value, and not merely the contract price, was sufficiently meritorious to sustain the jurisdiction of the court, notwithstanding the insufficiency of the amount if he were allowed only the contract price.

Appeal from Potter County Court; Ray C. Johnson, Judge.

Action by Geo. H. Riley against C. R. Garner & Co. and others. Judgment for the plaintiff, and the named defendant appeals. Affirmed.

Veale & Lumpkin, of Amarillo, for appellant.

E. E. Coons, of Texhoma, Okl., and Kimbrough & Kimbrough, of Amarillo, for appellee.

HUFF, C. J. Appellee Riley, brought suit against C. R. Garner & Co., and others not necessary to mention, in the county court of Sherman county. That court sustained appellant's plea of personal privilege to be sued in the county of their residence, and the venue was changed to the county court of Potter county. The action is upon a breach of a written contract. It is alleged on August 8, 1917, Garner & Co. sold to Riley 20 tons of cotton seed cake for the agreed price of $55.45 per ton f. o. b. cars mill, with full amount of freight allowed to Texhoma, Tex.; that about the 22d day of October appellants, in pursuance to said written contract, drew a draft on appellee for the sum of $1,109, with bill of lading attached, which draft was duly presented and paid by the appellee, which was a full payment for 20 tons of cotton seed, at the agreed price of $55.45 per ton. It was alleged by paragraph 7 that about October 25, 1917, appellant, by railroad, delivered to appellee at Texhoma, Tex., 16 tons and 1,010 pounds of cake, called for in the written contract; that appellants failed and refused to deliver to appellee 3 tons and 990 pounds, for which he had paid; the amount so paid for the shortage was $194, and that appellants are due the appellee said sum, with 6 per cent. interest from October 25, 1917, amounting to $41.71; that the contract price was $55.45, for the 3 tons 990 pounds; that when they breached their contract it was of the market value of $65 per ton. So that the failure to deliver that amount damaged the appellee in the further sum of $9.55 per ton, aggregating $33, for which he sues, together with interest thereon at 6 per cent. from October 25, 1917, amounting to $7.09. Paragraph 7a alleges in the alternative that the highest market value at the place of delivery after the time for delivery was $75 per ton, and the failure to deliver the shortage damaged appellee in the sum of $262.

⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The eighth paragraph that the cake was purchased to feed certain stock, which fact was known to appellants, and because of the shortage in delivery, appellee was unable to procure the necessary feed for his stock by reason of which he was damaged in the sum of $100 in the depreciated value of his stock, etc. The prayer is to recover the several sums of money as above set out. The appellants, it appears, answered the fourth amended original petition, in which the foregoing items were alleged, by what is designated as a second supplemental answer. However, they bring up in the record their amended original answer and an answer which is designated a plea in abatement. We presume the supplemental answer is the pleadings upon which the case was tried in the court below. This answer consisted of nine exceptions, and these nine exceptions are again subdivided by letters, but some are by numbers. There is a general exception presented, and also there is an exception to all of paragraph 7, seeking a recovery of $41.71 interest because barred by limitation, and because it was not set up in the former pleadings. An exception was urged to the petition because 933 pounds shortage is set up for the first time, and the other items are also excepted to all because barred by the statute of limitations. Exceptions were presented to 7a because barred, and because it was not alleged at what time $75 per ton was the highest market value, etc. There is an exception, No. 8, to the petition, seeking a recovery for $100 for depreciation of cattle because the cake was not furnished, etc. Then follows general denial and the following:

"And further answering herein, this defendant now comes and says that this case has been on file in this court for several terms, and that at no time has plaintiff ever sought a recovery for a greater amount of loss to said shipment than 6,057 pounds, nor has he at any time alleged the value of said loss at more than $189. And the defendant says that, seeing that this court was without jurisdiction to hear and determine the said cause, by reason of the amount in controversy, the items mentioned in paragraphs 7, 8, and 9 of said petition were fraudulently alleged and charged for the sole and only purpose that said court might hear and determine said cause, and were fraudulently done and fraudulently alleged, for all of which it stands ready to verify."

We find an order overruling all of the appellant's exceptions contained in the second supplemental answer, general and special, except special exception No. 8, which had the effect of eliminating the $100 item claimed as damages for depreciation of the cattle because feed was not procured, etc. The appellant brings up the third amended original petition, in which the contract is set up as in the fourth, etc., in which damages are alleged at $240 and interest is claimed in the amount of $50.40. In answer to this petition we find first supplemental answer with exceptions, general denial, and also the statement that the damage $240 was alleged with fraudulent purpose, etc. This was filed June 3d, and on that day we find an order in which it is recited the plea in abatement was heard and in all things overruled. The fourth amended petition was filed also on June 3, 1921. We have concluded that the trial was had on the fourth amended original petition, and the second supplemental answer. These appear to have been presented, and no exception was made by the appellee to the plea of fraudulent allegation to confer jurisdiction because not filed in due order of pleading.

The various matters above set out perhaps are not necessary in a statement of the case, but, as there appears to have been confusion in the trial court in presenting the issues and in rendering judgment, we think it manifest from these facts that the parties disregarded the rules of pleading, and evidently it was difficult to determine upon which either party was relying, upon which pleading, whether the answer where the plea to the jurisdiction should have been, or whether it was the first or second supplemental answer; at least we have had some difficulty in understanding this record. The trial court submitted this case on special issues. The jury found in answer to the first and second special issues that the appellants delivered 16 tons and 1,943 pounds of cotton seed cake under the contract therefor, and that the reasonable price per ton therefor on October 25, 1917, was $55.45. The third special issue submitted and the answer thereto was as follows:

"Special issue No. 3. The plaintiff in this cause on June 3, 1921, filed an amended petition, in which he alleged for the first time in this cause the following items of damage, to wit: 933 pounds cotton seed, which he claimed was not delivered to him by the defendant on October 25, 1917; $41.71 interest on $194; $33, alleged value of said 933 pounds of cotton seed, on said October 25, 1917; the sum of $7.09 as interest on said $33, to which items of damage defendants have pleaded that same were sued for in said amended petition for the fraudulent purpose of giving this court jurisdiction. Now, you will state whether or not that said items of damage were sued for in said amended petition for the fraudulent purpose of giving this court jurisdiction. Answer Yes or No."

To which special issues the jury answered, "Yes," and upon which verdict the trial court entered judgment for the appellee against appellants for $204.19, with 6 per cent. interest from date of judgment.

[1] Appellant presents three propositions, which in effect assert that, the jury having found that the allegations in the petition were made for the fraudulent purpose of conferring jurisdiction on the county court,

the trial court had no right to disregard the finding and to render judgment against the appellant for any amount, but could only render a judgment of dismissal or grant a new trial by setting aside the verdict. We take it the proposition presents a correct proposition of law, and if the pleadings in this case sustain the position there is but one course to pursue. It is now settled in this state beyond cavil that the trial court cannot disregard a material finding of a jury and render a judgment notwithstanding the verdict, whether there is or is not evidence to support it. Stone v. Bare (Tex. Civ. App.) 198 S. W. 1102; Fant v. Sullivan (Tex. Civ. App.) 152 S. W. 515; Scott v. Farmers' National Bank (Tex. Civ. App.) 66 S. W. 493.

[2, 3] It is insisted by the appellee that the charge of fraud in the allegation to confer jurisdiction is a plea to the jurisdiction, and that this must be filed in due order of pleading, and, if not so filed, it will be considered waived. This too is, we think, established by our decisions. In this case this plea was not presented in due order of pleading. It was presented in a supplemental answer and after special exceptions, general denial, and other pleadings, and, in fact is the last plea presented, and after the pleas in bar had been set out. That this is not in due order is settled we think. Rule 7 for District and County Courts (142 S. W. xvii); R. C. S. arts. 1909, 1910; Hoffman v. Cleburne, etc., 85 Tex. 409, 22 S. W. 154; Eden v. Osborne (Tex. Civ. App.) 29 S. W. 414; San Antonio Drug Co. v. Red Cross, etc. (Tex. Civ. App.) 199 S. W. 324, and authorities cited therein, rendered by this court. But this requirement as to due order is a formality as we conceive the matter, and will be considered as waived by the plaintiff, in the absence of an exception or motion to strike out on the ground that the plea is not in due order. In this case no such exception or motion was presented, and it seems the parties went to trial on the issues as set forth in the pleadings. Stone v. Bare (Tex. Civ. App.) 198 S. W. 1102; Hayden v. Kirby, 31 Tex. Civ. App. 441, 72 S. W. 198.

[4-7] This brings us to the question, Did the plea, charging fraudulent allegations, for the purpose of conferring jurisdiction, in paragraph 7 of the petition, setting up interest for the first time and 933 pounds more than was claimed as short originally, and the market value at the place of shipment instead of the contract value, and for the excess value and interest thereon, and the jury's finding thereon, defeat the court's jurisdiction? This it did, we think, unquestionably, if there was no other count in the petition which gave the court jurisdiction and which was unassailed for fraud and upon which there was no finding of fraud by the jury. In paragraph 7a the appellee laid

his damages at the highest market value, that is, $75 per ton, which he alleged damages him in the aggregate of $262. If he was entitled to recover that price per ton, if there were only 3 tons and 57 pounds short, the amount sued for would be within the jurisdiction of the county court. This paragraph was not assailed as being fraudulently alleged to confer jurisdiction. It was not eliminated upon exception from the petition, but the parties went to trial upon that issue. The only item eliminated by exception was the $100 claimed upon account of the depreciation in or damage to the cattle sustained on account of the failure to deliver the cake short of the contract amount. It is true the court did not submit the issue as to $75 market value to the jury or the right to recover that value; neither did he require a finding as to whether it was fraudulently alleged, and the plea did not charge that it was so fraudulently alleged. The trial court, therefore, reserved to himself the right to determine that question. If by that item the court had jurisdiction, he could not have dismissed the case, even though the jury found other items were alleged fraudulently, as pleaded by the appellant to confer the jurisdiction.

"The plaintiff in fact may have a cause of action within the jurisdiction of the court, but fail to prove it, or he may honestly believe that he has such cause of action when he has not. In such case the jurisdiction exists if it appears from the allegation of the petition. The jurisdiction of the court cannot be defeated when the case stated in the petition is within the jurisdiction, unless it is made to appear that the allegations upon which the jurisdiction depends were fraudulently inserted in the petition for the purpose of conferring the jurisdiction. * * * When the defendant proposes to introduce evidence to defeat the jurisdiction, it is essential and proper that he should advise the plaintiff of the issue by pleading the facts so as to enable him to come prepared to meet it." Hoffman v. Cleburne, etc., 85 Tex. 409, 22 S. W. 154; Dwyer v. Bassett, 63 Tex. 274; Railway Co. v. Nicholson, 61 Tex. 552; Roper v. Brady, 80 Tex. 588, 16 S. W. 434.

In this case paragraph 7a was not assailed as fraudulent. This gave the court jurisdiction. The appellee was only required to meet the issue on the items alleged in paragraph No. 7. Though the jury found the charge true, as contained in the plea to the jurisdiction, this in fact did not defeat the court's jurisdiction, and the court could render a judgment on the facts found. It was, under the pleadings in the case, justified in treating the finding on issue No. 3 immaterial, and disregarding it, as defeating the jurisdiction. The court was not without jurisdiction under the pleadings and properly entered judgment.

This, as we understand, will render the consideration of appellant's other proposi-

tions unnecessary, since, if the verdict did not defeat the jurisdiction it will make no difference if the court committed error in submitting fraud in appellee's seeking interest as part of his damages by the amendment, when he had not sued therefor in the beginning, as the petition without such claim for interest gave jurisdiction.

[8] We understand from the record that the original petition claimed damages for a shortage of 3 tons and 57 pounds at $55.45 per ton, and for $100 for injury to the cattle. The fact that the $100 was eliminated by exception would not necessarily dismiss the case, especially when the appellee amended the petition. He had the right to set up additional damages. He may have honestly believed he had the right to the profits in his contract, and he was not altogether without authority in demanding the highest market value of the product between the breach of the contract and the date of the trial. Judge Boyce of this court said in Thrift Oil Co. v. Newton, 227 S. W. 496:

"The Texas courts, at an early date, approved the rule that the vendee, on breach by the vendor of a contract of sale of personal property, where he has paid the purchase price in advance, might recover as damages the difference between the contract price and the highest value of the property between the date or breach and the trial, provided the suit was brought within a reasonable time; and this rule has been followed by later decisions."

Among the cases cited is Johnson v. Miller, 163 S. W. 593, opinion written by Mr. Justice Hendricks, at that time on this court. We do not now hold, however that the measure set up by appellee in his petition was the proper measure of damages in this case but the rule was certainly sufficiently near appellee's situation to give him grounds for believing he might recover on that measure, and when he so alleged he placed himself within the jurisdiction of the court, though he possibly could not recover interest, and knew he had not lost the 933 pounds addition to his alleged original loss. We conclude the judgment should be affirmed.