## GRISSOM v. LOPEZ. (No. 7478.)*

(Court of Civil Appeals of Texas. San Antonio. Jan. 20, 1926. Rehearing Denied Feb. 17, 1926.)

**1. Appeal and error ⬅770(1)—Briefs filed over four months after cause filed in appellate court will not be considered, even though appellee has had ample time to file reply brief.**

Briefs filed over four months after cause has been placed on file in appellate court, in violation of rules, and without excuse for tardiness, will not be considered, notwithstanding appellee has had ample time to file reply brief.

**2. Appeal and error ⬅719(1), 755.**

Appellate court will investigate record for fundamental errors, even in absence of assignment of error or briefs.

**3. Malicious prosecution ⬅73—Damages for malicious prosecution cannot be divided into two or more causes of action and different sums found for each cause.**

In action for malicious prosecution, permitting jury to find actual damages and exemplary damages in certain sums by reason of making affidavit charging embezzlement, and further actual and exemplary damages ' for causing officer not to take plaintiff before magistrate, held fundamental error, as damages cannot be divided into two or more causes of action and different sums found for each.

**4. Appeal and error ⬅672.**

In entering judgment, court's failure to follow special verdict, comprising many findings, as to amount of damages held fundamental error.

**5. Malicious prosecution ⬅30—Prosecution in honest belief of guilt not actionable because of desire to collect money embezzled.**

Affidavit made in honest belief of guilt is not basis for action for malicious prosecution, though affiant also desired to collect money owed him by accused charged with embezzlement.

Appeal from District Court, Bee County; T. M. Cox, Judge.

Action by R. S. Lopez against John J. Grissom. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Dougherty & Dougherty, of Beeville, Paul H. Brown, of Karnes City, and Beasley & Beasley, of Beeville, for appellant.

H. S. Bonham and W. G. Gayle, both of Beeville, for appellee.

FLY, C. J. This is a suit instituted by appellee against appellant to recover actual and exemplary damages caused by the arrest and imprisonment of appellee at the instance, and through the procurement, of appellant. The latter filed a cross-action as to a debt and damages. The cause was tried by jury, and resulted in a verdict and judgment in favor of appellee for the sum of $1,317.75.

In response to 20 issues presented by the court on its own motion, and one at the instance of appellant, the jury found that appellant made an affidavit against appellee charging him with embezzlement in order to collect a debt from him; that appellee was not guilty of embezzlement, and appellant had no probable cause to believe appellee was guilty of such crime, but that appellant was actuated by malice in making such complaint; that, when arrested, appellee was not taken before the magistrate who issued the warrant, and such action of the officer was under the instruction of appellant; that the arrest and imprisonment of appellee caused him to be actually damaged in the sum of $1,000; that the amount of exemplary damages for institution of the criminal proceedings was $100; that appellee sustained actual damages in the sum of $300 on account of not being taken before the magistrate forthwith and $100 in exemplary damages; that appellee was under duress when he executed a bill of sale conveying his property to appellant, and a fair price was not placed on the animals transferred by appellee; that the fair value of the animals was $450, of the corn $150, and cotton seed, cane seed, and broom corn $50.17. The jury also found that cattle were turned on appellee's crops by appellant, and that appellee lost thereby $75. The jury found that appellant did not act in good faith, on the advice of his attorney, in filing a complaint against appellee, but that it was made to collect a debt.

[1] The briefs for appellant were filed in this case on December 29, 1925, over four months after the cause had been placed on file in this court. Appellee seeks to dismiss the appeal because the briefs were not filed in time. Appellant does not seek to justify his violation of the rules in failing to file a brief in the lower court and in proper time in this court, but resists the motion simply on the ground that appellee had ample time in which to file a reply to the brief of appellant after it was filed. The brief was not filed in time, and, in the absence of any effort to file it, this court will presume that there is no ground for justification of the negligence and laches of appellant, and will not consider the brief. Great leniency has been shown by this court in permitting briefs to be filed out of time, especially where the questions presented are few and simple, and where it appears that injustice will be done a litigant through the negligence of his attorney. These concessions have been made an excuse for a failure to comply with the rules, and the rules are being treated as though abolished. The lines must be tightened and the rules more strictly enforced.

[2] We have disregarded the briefs filed

herein by appellant, and, had there been no error apparent of the record, which fundamentally affected the rights of appellant, the cause would have been dismissed. In every case it is the duty of an appellate court, even in the absence of an assignment of error or a brief, to investigate the record for fundamental errors and give due consideration to any such error that may appear.

[3, 4] In answer to questions presented to them by the court, the jury found actual damages in the sum of $1,000, and exemplary damages of $100 for appellee by reason of the action of appellant in making an affidavit charging appellee with embezzlement, and then found $300 actual and $100 exemplary damages for causing the officer not to take appellee before the magistrate. Damages for malicious prosecution could not legally be divided into two or more causes of action and different sums found for such causes of action. It was fundamentally erroneous to make such division of the case, and undoubtedly caused thereby the jury to believe that every phase of the case demanded separate damages. In addition to the two verdicts for actual and exemplary damages, the jury found damages for other matters, for it must be presumed that the value of the property transferred by appellee was passed on for some purpose or it would not have been submitted. After submission of numerous questions to the jury and ascertaining therefrom that appellee had been damaged by the arrest in the sum of $1,500, and that appellee had been compelled to sell his property for $400 while it was worth $600, and that appellee had been damaged in the sum of $75 on account of depredations of cattle and crops, all these damages amounting to $1,775, the findings of the jury were ignored and disregarded, and judgment rendered for $1,317.75, a sum not found by the jury. How it was arrived at is not disclosed by the record. The court had no authority to set aside portions of the answers of the jury and render judgment on the parts that may have met his approval. A special verdict, though comprising many findings, is but one verdict, and no material part of it can be set aside without setting it all aside. Scott v. Bank (Tex. Civ. App.) 66 S. W. 485; Casey-Swasey Co. v. Manchester Assur. Co., 32 Tex. Civ. App. 158, 73 S. W. 865; Ark. Fertilizer Co. v. City Nat. Bank (Tex. Civ. App.) 137 S. W. 1179; McLemore v. Bickerstaff (Tex. Civ. App.) 179 S. W. 536; Stone v. Bare (Tex. Civ. App.) 198 S. W. 1102. Such failure to follow the verdict is fundamental error. Stubblefield v. Jones (Tex. Civ. App.) 230 S. W. 720.

[5] In view of another trial, it is appropriate to say that, if appellant acted in good faith in filing the complaint, the fact that he may at the same time have desired to collect his debt would not render him liable for damages. If appellant made the affidavit in good faith, believing, in the light of the facts, that appellee was guilty of embezzlement, he would not be liable to damages simply because he may have also desired to collect money owed to him by appellee.

The judgment is reversed and the cause remanded.