See City of Corpus Christi v. Warehouse Co. et al., 8 Tex. Civ. App. 94, 27 S. W. 803.

The judgment of the Court of Civil Appeals is affirmed as to defendant in error American Surety Company of New York, and it is reversed as to defendants in error Bryant & Huffman, and the cause is remanded to the district court.

## EVANS v. AMERICAN PUB. CO.

(Motion No. 8491; No. 984—5135.)

Commission of Appeals of Texas, Section B.
May 1, 1929.

For former opinion, see 13 S.W.(2d) 358.

SPEER, J. Appellees have presented a very vigorous motion for rehearing, stressing especially the point that the questions certified necessarily involve a jurisdictional question, as contradistinguished from one of pure venue. They argue that, although the certificate disclaims the intention to present the question of jurisdiction, nevertheless the inquiry as to venue requires necessarily a determination of the jurisdictional nature of the statutory requirement as to place of suit. If this contention be true, and it appears logical, then we have necessarily held that the statute of place is not one of jurisdiction, but of venue. All parties below have treated the matter as one of venue by plea of privilege, followed by controverting affidavit in the usual form. The Court of Civil Appeals has certified it as such, and we have so treated it in our answer. But it is now contended that there is presented a question of jurisdiction. Out of deference to the earnest insistence of counsel, and in view of the fact that in a sense the jurisdiction of the subject-matter is involved in any question of law certified in a given case, we will express briefly our conclusion upon that point.

Assuming that a libel suit under our statute is not an ordinary suit or action within the venue statutes, but is a special proceeding, and that the place of suit is jurisdictional in the strictest sense, yet we adhere to our original views that the language of the statute requiring such suit to be brought in the county in which the plaintiff resided at the time of the accrual of the cause of action, or at the time of filing suit, uses the word "resided," not in the sense of actual pedal presence, but rather of legal residence, as that term has been used throughout the venue statutes. Our reasons for this holding are sufficiently stated in the original opinion by Presiding Judge Short.

But we are not to be understood as assenting to the contention that a libel suit under our statutes is not an ordinary suit or action within the meaning of our venue statutes. There is a well-marked line of distinction between ordinary suits or actions, which are controlled by the venue statutes, and those special proceedings authorized by statute, which do not come within that class. The latter are illustrated by condemnation proceedings, workmen's compensation claims, divorce cases, and the like. These are not ordinary suits or actions, and exist in substance and procedure only through the statute. That the statute regulates a cause of action such as libel, death action, and the like, is no reason for holding the same to be a special statutory proceeding at all. It is still a suit or action, governed by the usual court proceedings, cognizable in the ordinary courts, subject, of course, to all statutory requirements including venue.

■ Finally, treating the matter as purely jurisdictional, it is not presented in such way as we could possibly determine it as appellees would have us. The certificate informs us: "These pleadings made a controverted issue as to whether Evans resided in Dallas county at the time of the utterances and subsequent publication of the alleged defamatory language, or at the time of filing of this suit."

If the plaintiff pleaded this (assumed) jurisdictional fact, then upon the face of the pleadings that court did have jurisdiction of the subject-matter, and in the absence of a plea by the defendants that such allegation was fraudulently made for the purpose of conferring jurisdiction, no issue of *jurisdiction* was raised, and, of course, no such question can be decided further than has already been decided in our discussion of venue. See Dwyer v. Bassett, 63 Tex. 274; Roper v. Brady, 80 Tex. 588, 16 S. W. 434; Hoffman v. Cleburne Bldg. & Loan Ass'n, 85 Tex. 409, 22 S. W. 154; C. R. Garner & Co. v. Riley (Tex. Civ. App.) 238 S. W. 953. The quotation from the certificate immediately above refers to the issue of *venue*, and not *jurisdiction*.

We accordingly recommend that the motion for rehearing be overruled.