**JEMISON v. WEAVER et al.**
No. 896.

Court of Civil Appeals of Texas. Waco.
Jan. 23, 1930.
Rehearing Denied March 6, 1930.

Stuart & Morgan and M. Kleberg, all of Fort Worth, for appellant.
Rennolds & Rennolds, of Mexia, for appellees.

GALLAGHER, C. J.

This appeal is prosecuted from an order overruling a plea of privilege.

Appellees Mrs. Dora Weaver and husband, Bob Weaver, sued appellant J. M. Jemison for damages suffered by them as a result of slanderous statements alleged to have been made and uttered concerning appellee Mrs. Dora Weaver by appellant in Mexia, Limestone county, Tex. Appellant filed a plea of privilege in statutory form, alleging his residence in Tarrant county. Appellees filed a controverting affidavit, in which they alleged that they resided in Limestone county at the time the cause of action sued on accrued, and that said cause of action accrued in said county as alleged in their petition.

The testimony discloses without dispute that appellant purchased what was known as the Gates apartment house, situated in Mexia, Limestone county, Tex.; that said house was occupied at the time by appellees as tenants; that some differences arose over whether appellees should pay rent to appellant or to the prior owner from whom they rented the building; that they vacated the same about the middle of January, 1928.

Appellees' witness Mrs. Cope testified that she was living in Mexia in January, 1928; that she knew appellant; that she met him at said apartment house; that she had a conversation with him at that time; that he stated in said conversation that the place was well furnished at the time Mrs. Weaver went into the same, but that she had stolen the bedding and quilts and had carried them to West Texas; that said conversation was the only one she ever had with him.

Mrs. Weaver, one of the appellees, testified that she resided in Mexia at the time of trial and had resided there continuously for the past four years; that after leaving the apartment house she visited in Wink for about one month, but did not take any of her belongings with her; that her home was in Mexia all the time she was gone. Her testimony on this point was not controverted. She also testified that she had not in fact taken or stolen any of appellant's quilts, bedding, or other property from said apartment house.

The court held that appellees' suit was properly brought in Limestone county under the provisions of subdivision 29, article 1995, of our Revised Statutes 1925, and entered a judgment overruling appellant's plea of privilege.

The provisions of our venue statutes referred to by the trial court in his judgment overruling appellant's plea of privilege, so far as applicable, are as follows: "A suit for damages for libel or slander shall be brought, and can only be maintained, in the county in which the plaintiff resided at the time of the accrual of the cause of action. * * *"

The testimony shows affirmatively that the city of Mexia is located in Limestone county; that the slanderous words, if spoken as claimed by appellees' witness, were spoken at said apartment house in said city some time

after Mrs. Weaver vacated the same, which was shown to be about the middle of January, 1928. Mrs. Weaver testified that she had lived in Mexia continuously for the past four years, which period necessarily included the time at which, according to the testimony, the alleged slanderous words were spoken. Appellee's temporary absence on a visit to Wink did not affect the continuity of her legal residence in Mexia. Evans v. American Publishing Co. (Tex. Com. App.) 16 S.W.(2d) 516, pars. 1 and 2.

The judgment of the trial court is affirmed.