## KARBACH v. INTERNATIONAL HARVESTER CO. OF AMERICA.

### No. 9074.

Court of Civil Appeals of Texas.
San Antonio.
May 17, 1933.

Rehearing Denied July 1, 1933.

Birkhead, Beckman & Stanard and Louis E. Marshall, all of San Antonio, for appellant.

Hicks, Dickson, Bobbitt & Lange and Fagan Dickson, all of San Antonio, for appellee.

SMITH, Justice.

This action was brought by the Harvester Company against Karbach to recover a balance due upon promissory notes and to foreclose a chattel mortgage upon personal property given to secure the payment of said notes. The Harvester Company recovered judgment, from which Karbach has appealed.

The appeal is prosecuted upon two principal contentions: First, that the trial court was without jurisdiction of the subject matter; and, second, that appellee is a foreign corporation engaged in business in this state, but was not shown to have obtained a permit therefor, as required by familiar statutes.

In its original petition appellee sought recovery of a stated balance of $777 upon certain promissory notes executed by appellant, and prayed for foreclosure of a lien upon personal property specifically alleged to be of a value of "less than $1,000.00." After unconditional answer to the merits, appellant interposed a plea to the jurisdiction, upon the ground that the value of the personal property covered by the mortgage lien sought to be foreclosed in fact exceeded in amount the sum of $1,000, but had been falsely alleged by appellee to be less than $1,000 for the purpose of fraudulently conferring jurisdiction upon the county court.

Such a plea, to be available, must be filed before unconditional answer to the merits; if not, the objection is deemed waived. It is only where the petition itself shows lack of jurisdiction that the court upon its own motion will take cognizance of the fact, for jurisdiction is determinable solely from allegations in the petition, in the absence of timely verified plea in abatement showing such allegations to be falsely made for the purpose of fraudulently conferring jurisdic-

tion. 1 Tex. Jur. p. 131, § 95; Hoffman v. B. & L. Ass'n, 85 Tex. 409, 22 S. W. 154.

■ The record shows that appellee's original petition was filed on February 23, 1932; that appellant filed an unconditional answer to the merits on April 25, 1932, and did not file his plea in abatement for want of jurisdiction until June 7, 1932, which came obviously too late. Appellant suggests that appellee's petition as originally written and filed contained no allegations showing jurisdiction, which omission obviated the necessity of any plea in abatement, but that afterwards appellee, with the court's approval, interlined the jurisdictional allegation that the value of the mortgaged property was less than $1,000, thus provoking the plea in abatement which was thereupon immediately filed by appellant. These facts do not appear of record, however, and therefore cannot be considered in determining the appeal. If appellant intended to take advantage of the interlineation in appellee's filed petition, he could have done so only by withdrawing his filed answer and pleading anew to the reformed petition.

■■ With reference to appellant's contentions concerning appellee's alleged lack of authority to bring this action, as a foreign corporation engaged in business in this state without a permit therefor, it appears that appellee alleged in this connection in its petition only that "plaintiff is a corporation, duly incorporated, with authority to do business in the State of Texas, and doing business with a branch office in San Antonio, Bexar County, Texas." Appellant took no cognizance, in any of his pleadings, of appellee's corporate status, or of its corporate rights in this state. He took no notice of that status, or of those rights, in the trial court, but on appeal insists that the evidence showed appellee to be a foreign corporation engaged in business in this state, without a permit therefor, as required in article 1529, R. S. 1925, and therefore was prohibited, under the prohibitions of article 1536, as amended by Acts 1931, c. 158 (Vernon's Ann. Civ. St. art. 1536), from maintaining an action in the courts of this state upon its demand.

The settled rule appears to be that, unless the petition of a creditor corporation shows affirmatively upon its face that the plaintiff is a foreign corporation, it need not allege that it has a permit to do business in this state, or that the transaction sued upon was one in interstate commerce. It is only where such petition affirmatively shows the plaintiff to be a foreign corporation that it must go further and set up facts negativing the application of the prohibitions in article 1536, as amended (Vernon's Ann. Civ. St. art. 1536). The debtor's right to compel the creditor's compliance with those statutes may be waived by him. If the creditor corporation's petition discloses its disability, the debtor may take advantage thereof by exception. But where the disability is not so disclosed, the debtor must raise the question by affirmative pleadings, otherwise he is deemed to have waived his right to invoke the statute. Articles 1999, 1529, 1536 (as amended) R. S. 1925, 11 Tex. Jur. p. 188; Oklahoma Tool & Supply Co. v. Daniels (Tex. Com. App.) 290 S. W. 727.

There is no merit in appellant's remaining propositions, and the judgment is affirmed.