**McKNIGHT et al. v. WASHINGTON NAT. INS. CO.**

No. 12752.

Court of Civil Appeals of Texas. Dallas.
July 29, 1939.

Rehearing Denied Oct. 14, 1939.

C. M. Whitehurst and W. R. Herring, both of Dallas, for appellants.

Max R. Rosenfield, of Dallas, for appellee.

LOONEY, Justice.

Alonzo McKnight, two widowed sisters and three minor children of a deceased sister (suing by next friend), appellants, sued the Washington National Insurance Company, a nonresident corporation doing business in this state; alleging in substance that appellants were the children, grandchildren, and only heirs at law of Alexander McKnight, who died (the implication being in the City of Dallas) March 16, 1931; and that some time prior to his death, appellee issued a policy on his life in the sum of $120, and, about the date just mentioned fraudulently paid a death claim accruing under the policy to some person or persons unknown to appellants, not related to the insured, nor having an insurable interest in his life. That at the time of these occurrences, appellants resided in Caddo Parish, La., and have continuously resided there since the death of Alexander, except appellant Alonzo, who recently moved to the City of Dallas, Texas. That at the time of the death of Alexander, appellants, except Betty Lou Sims, were minors and labored under that disability for a long time subsequent thereto; that they were ignorant of the existence of said policy, or that the death benefit had been paid to another, until a short time before the institution of this suit. (February 8, 1939); that, on making such discovery, appellants immediately demanded of appellee payment of the amount due under the policy, which being refused, this suit was instituted, seeking recovery of the

face of the policy, $120; $14, as 12% penalty; $51.40, interest at the rate of 6% per annum on the amount of the policy from the date of the death of the insured, and $100 alleged to be a reasonable attorney's fee, the total amount claimed being $285.40.

The court sustained appellee's plea in abatement based on jurisdictional grounds, and dismissed the suit, from which this appeal was taken. The plea contained two paragraphs: (1) That, solely for the purpose of conferring jurisdiction on the court below, appellants alleged they were entitled to recover $100 attorney's fee; (2) although incorrectly interpreting appellants' allegations and in other respects confusing, the gist of the second paragraph is that, as to Alonzo McKnight, the suit was filed more than four years after the accrual of his alleged cause of action, and, his claim being barred, the remainder, that is, the amount alleged to be recoverable by the other appellants, was below the jurisdiction of the county court.

It will be observed that the issue of fact involved in the first paragraph was, whether appellants' claim of $100 attorney's fee was made in good faith, or solely for the purpose of conferring jurisdiction on the court; the issue of fact involved in the second paragraph was, whether the alleged cause of action in favor of Alonzo McKnight accrued more than four years before the institution of the suit, and, his claim being barred, the amount recoverable by the other appellants was below the jurisdiction of the county court.

■ Appellants contend that the court erred in sustaining the plea in abatement without hearing evidence on the issues of fact involved, asserting that no evidence was heard. While appellee does not contend that the court heard evidence, yet insists that, as the appeal was without a statement of facts, we should indulge every reasonable presumption in favor of the judgment, that is, should presume that the court heard evidence and found the issues of fact in favor of appellee. The record is silent on the point. However, as counsel for appellants state on their responsibility that no evidence was heard, that the court held as a matter of law that the plea in abatement was well taken, and as their statement is neither denied by appellee, nor in conflict with the record, we accept same as true.

■ After due consideration, we are of opinion that, the court erred in holding as a matter of law that appellants' claim that they were entitled to $100 attorney's fee was not made in good faith, but made solely for the purpose of conferring jurisdiction. If appellants establish their right to recover, they would be entitled to a reasonable attorney's fee, the amount of which should be determined by proof. Aside from the attorney's fee, the amount in controversy is $185, hence, it was not necessary for appellants to have sought recovery of $100 attorney's fee, in order to bring the amount involved within the jurisdiction of the court. Allegations simply were not sufficient; appellee should have proven that appellants sought recovery of $100 as an attorney's fee solely for the purpose of conferring jurisdiction on the county court. See Roper Brothers v. Brady, 80 Tex. 588, 16 S.W. 434; Hoffman v. Cleburne B. & L. Ass'n, 85 Tex. 409, 22 S.W. 154.

■ We are also of opinion that, the court erred in holding as a matter of law that, the claim of Alonzo McKnight was barred before the institution of the suit. While appellants' allegations are rather general and doubtless subject to special exceptions, yet they show with reasonable certainty that, at the time of the death of the insured, appellants resided in the State of Louisiana and continuously since have resided there, except Alonzo, who recently moved to the City of Dallas (just how recently was not alleged), and were minors, except Betty Lou Sims, and continued in such status for a long time subsequent thereto (just how long was not alleged); alleging further that, they did not know the policy had been issued, or that a death benefit accruing thereunder had been paid to anyone, until on or about the first of January, 1938, and that, immediately thereafter, they made demand upon appellee for payment of the policy, which being refused, this suit was instituted.

Appellants' petition doubtless is subject to special exception for want of definiteness, but that matter is not before us for decision, nor do we express any opinion in regard to the merits of the case; simply hold that, the court below erred in sustaining the plea in abatement and dismissing the suit.

For the error indicated, the judgment of the court below is reversed and the cause is remanded for further proceedings.

Reversed and remanded.