**GOOLSBY et al. v. WOOD et al.**

No. 12822.

Court of Civil Appeals of Texas. Dallas.

Aug. 2, 1939.

Rehearing Denied Oct. 14, 1939.

Jones & Jones, of Mineola, for appellants.

Lee A. & Allen Clark and B. F. Vaughan, all of Greenville, for appellees.

LOONEY, Justice.

This is an appeal from an order overruling a plea of privilege, challenging the venue of the court below. The parties will be referred to as in the trial court. The suit was filed in the District Court of Hunt County by Rice Wood, trustee of the bankrupt estate of Samuel Barry Brooks, allegedly for the purpose of partitioning between joint owners a section of land situated in Andrews County, Texas. Plaintiff alleged that, as trustee of the bankrupt estate, he owned an undivided one-half interest in the land in question. The defendants and their respective places of residence were

alleged as follows: Fay Goolsby and Robert L. Pemberton, residence unknown; C. P. McKnight, residence Smith County, Texas; Frank C. Biggs, residence Harris County, Texas; J. H. Goolsby, residence Erath County, Texas, Shell Petroleum Company, a corporation, residence Harris County, Texas; and Alice Pemberton, Leona Sherrill, Mildred Butler and husband, W. J. Butler, Laura Delaney and husband, Lloyd Delaney, and Walter H. Bush were alleged to reside in Hunt County, Texas, where the suit was instituted. As to the interests claimed by the defendants, plaintiff alleged that J. H. Goolsby and Fay Goolsby each assert an adverse claim to an undivided one-third interest in the land, that Alice Pemberton, Leona Sherrill, Laura Delaney and Mildred Butler assert an adverse claim to an undivided one-third interest, that Shell Petroleum Company owned an oil, gas and mineral lease on an undivided one-half interest in the land, and that the other defendants are asserting some character of adverse claim and interest well known to them, but unknown to plaintiffs; praying that, the respective interests of the parties be ascertained and established, and that commissioners be appointed for the purpose of consummating the partition sought.

All defendants, except W. H. Bush and Shell Petroleum Company, challenged the venue of the District Court of Hunt County in a sworn plea of privilege; alleging among other things that the real purpose of the suit was for the recovery of land or an interest therein, the venue of which was controlled by Subd. 14 of Art. 1995 of the Statute, and that, "the allegations in plaintiff's petition that the plaintiff is part owner of said land are not true and are made for the fraudulent purpose of attempting to confer venue upon this Honorable Court"; concluding with a prayer that the venue of the case be changed to the District Court of Andrews County, Texas.

In his controverting plea, plaintiff alleged that, defendants Alice Pemberton, Leona Sherrill and Walter H. Bush were resident citizens of Hunt County and were at the time the suit was instituted; that Alice Pemberton and Leona Sherrill each asserted a claim to an interest in said lands adverse to the interest claimed by plaintiff, and that W. H. Bush owned a substantial interest in the land; denying specifically defendants' allegations to the effect that the petition contained untruthful allegations made fraudulently for the purpose of conferring venue of the case upon the District Court of Hunt County; alleging that the purpose of the suit was to partition land, brought under the provisions of Title 104 of the Revised Statutes, referred to and adopted as a part of the controverting plea, the allegations of the petition, praying that, on hearing, the plea challenging the venue of the court be overruled.

After a hearing, the court overruled defendant's plea of privilege, from which this appeal was prosecuted.

■ As the petition is in the form prescribed by Art. 6083 for the partition of real estate, or an interest therein, between joint owners or claimants, venue of the suit is controlled by Subd. 13 of Art. 1995 of the Statute, which reads: "*Partition.*—Suits for the partition of land or other property may be brought in the county where such land or other property, or a part thereof, may be, or in the county in which one or more of the defendants reside, or in the county of the residence of any defendant who may assert an adverse claim to or interest in such property, or seeks to recover the title to the same. Nothing herein shall be construed to fix venue of a suit to recover the title to land. (Id.; Acts 1919, p. 152.)"

■ It is our opinion that the burden of proof rested upon defendants to establish the truth of their allegation that a partition suit in form was simulated fraudulently to confer venue upon the District Court of Hunt County (see Roper v. Brady, 80 Tex. 588, 16 S.W. 434; Hoffman v. Cleburne B. & L. Ass'n, 85 Tex. 409, 22 S.W. 154), and, as no question is raised as to the sufficiency of the evidence to sustain the findings of the court on the issues of fact involved, the appeal presents simply a question of law, which we think is controlled by the rule announced by this Court in Tide Water Oil Co. v. Bean, Tex.Civ.App., 118 S.W.2d 358-363 (a strikingly similar case to the one at bar), as follows: "The nature of the suit, as revealed by the petition, which will be considered in this connection (Sims v. Trinity Farm Const. Co., Tex.Civ.App., 28 S.W.2d 856), admittedly being for the partition of property, and one of the defendants being a resident of the county where the suit was filed, gave the court of that county venue of the case; and neither the nature of the suit will be changed, nor the venue disturbed, because of the insistence of appellant that, a controversy has arisen as to the share or interest owned by each of the

parties; for if in fact such a controversy has arisen and exists, Art. 6086, R.S. directs that: 'Upon the hearing of the cause (the partition suit), the court shall determine the share or interest of each of the joint owners or claimants in the real estate sought to be divided, and all questions of law or equity affecting the title to such land which may arise.' "

As certain of the resident defendants claimed adversely to plaintiff, the case is also within the reasoning in Shell Petroleum Corp. v. Grays, 122 Tex. 491, 62 S.W.2d 113.

After due consideration, we fail to find reversible error, therefore affirm the judgment of the trial court.

Affirmed.

BOND, C. J., absent.